## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PARTHENIA RICHARDSON**<br>12604 Windbrook Drive<br>Clinton, MD 20735<br><br>        Plaintiff,<br><br>    v.<br><br>**CARLOS M. GUTIERREZ,**<br>**SECRETARY**<br>**U.S. DEPARTMENT OF COMMERCE**<br>1401 Constitution Ave., NW<br>Washington, DC 20230<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. Plaintiff Parthenia Richardson brings this action for injunctive relief and damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII"). The Department of Commerce (hereafter "DOC" or "the Agency") retaliated against Ms. Richardson when she complained about the Agency's unlawful practices in violation of Title VII.

## **JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4), and 42 U.S.C. § 2000e-5.

3. The claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Ms. Richardson. Pursuant to 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in the District

of Columbia which is the location where Defendant has its principal office and where, upon information and belief, the employment records relevant to the Complaint are located.

## PARTIES

4. Parthenia Richardson was the Assistant Director for Counter Espionage, at the Office of the Security (hereafter "OSY") at the Department of Commerce. On June 20, 2005, Ms. Richardson, an African-American female, engaged in protected activity when she contacted the Agency's Equal Opportunity Office regarding her concerns of disparate treatment by her supervisor, Richard Yamamoto. On that same day, Bernadette M. Worthy, an Equal Employment Opportunity Officer, contacted Mr. Yamamoto to inform him that Ms. Richardson had contacted the EEO office to lodge a discrimination complaint and request ADR. In response, the Agency retaliated against Ms. Richardson for engaging in protected activities by harassing her and stripping her of her job duties and responsibilities. The Agency treated Ms. Richardson disparately in many aspects of the terms, conditions and privileges of her employment.

5. Defendant Carlos M. Gutierrez is the Secretary for the DOC. The Secretary is being sued in his official capacity as provided by law based on his executive responsibility for administering DOC personnel policies and his responsibility to enforce and to promote equal employment opportunity throughout the Agency. During the relevant time period, the DOC has employed well-over 500 employees.

6. Richard Yamamoto is not a Defendant in this lawsuit but was named in Ms. Richardson's EEO complaint as a discriminatory official. Mr. Yamamoto is the Director of the OSY. The Agency's personnel records indicate that Mr. Yamamoto was the immediate supervisor of record for Ms. Richardson at the time relevant to this complaint. Mr. Yamamoto is one of the management officials most directly involved in taking adverse actions against Ms. Richardson in reprisal for her EEO complaint.

7. David Bell is not a Defendant in this lawsuit but was named in Ms. Richardson's EEO complaint as a discriminatory official. Mr. Bell was serving as the Assistant Director of the Anti-Terrorism Division and the Acting Deputy Director of Security at the time relevant to this complaint. Mr. Bell is one of the management officials most directly involved in taking adverse actions against Ms. Richardson in reprisal for her EEO complaint.

## FACTS

8. The averments set forth in paragraphs numbered 1-7 are incorporated herein by reference.

9. At the time of the complaint, Ms. Richardson was a Supervisory Security Specialist, ZA-0080-V (GS-0080-15 equivalent), serving as Assistant Director of the Counter Espionage Division, OSY, CFO/ASA, Office of the Secretary in Washington, DC. She was the only African-American female to ever hold this position.

10. Ms. Richardson was promoted to her position at DOC from a Security Specialist, GS-0080-14 position in the Department of Homeland Security (DHS) effective

February 20, 2005. Prior to her termination, Ms. Richardson had been a devoted federal civil employee for almost two years and had received an excellent performance evaluation after her first year.

11. Ms. Richardson met with Mr. Yamamoto at the beginning of her tenure as the Assistant Director in February 2005 and he outlined his expectations for her new position.

12. One of Ms. Richardson's first actions as the new Assistant Director of Counter Espionage was to form a three-person panel to interview candidates for an open Security Specialist position. Prior to forming the panel, however, Ms. Richardson consulted with Human Resources to determine whether a panel was necessary to fill the position. Human Resources indicated that a panel was not necessary but she nevertheless formed one. The three individuals on the panel, however, were unable to participate in the interviews of the applicants and Ms. Richardson was forced to select a candidate based solely on her own input.

13. Although Ms. Richardson convened a panel for the position, despite the fact that HR determined that a panel was unnecessary, Mr. Yamamoto still unfairly and inappropriately chastised her for her decision-making regarding her selection of the candidate for the position. Ms. Richardson explained to Mr. Yamamoto that the panel was unable to convene to interview the candidates and she made a selection because she could no longer delay filling the position.

14. During the subsequent months, Mr. Yamamoto failed to support her decision-making and continued to wrongly criticize her. He accused her of not carrying out her duties as the Assistant Director of Counter Espionage, but failed to offer

any concrete or specific instances of when she did not effectively manage her office. Mr. Yamamoto disparaged her and made unfounded allegations as a pretext to undermine her authority.

15. Ms. Richardson's subordinates and her Caucasian male counterparts, Tom de Seve and Robert Page, sensing Mr. Yamamoto's lack of confidence in her, began treating her with disrespect and were condescending to her. When she brought this to the attention of Mr. Yamamoto, he did nothing to halt the inappropriate behavior or to support her management prerogative. In fact, he enabled their insubordination by allowing them to circumvent Ms. Richardson when they had an issue within the Department. This was, no doubt, because Mr. Yamamoto had the preconceived notion that an African-American female, like Ms. Richardson, was not capable of performing the job duties and responsibilities of a GS-15 position.

16. During the staff meeting in the months of April and May 2005, Mr. Yamamoto would openly challenge Ms. Richardson's decisions, going out of his way to discredit her and humiliate her in front of her counterparts and subordinates. He treated her with open hostility and disdain.

17. When issues or concerns were raised within the department, Mr. Yamamoto consistently took the word of Ms. Richardson's subordinates, Mr. de Seve and Mr. Page, over hers, even when she provided documentation and proof to support her position.

18. On or about June 1, 2005, Mr. Yamamoto and Mr. Bell met with Ms. Richardson. In the meeting, they expressed their unfounded concern with her management

abilities. To create a further pretext for his actions, Mr. Yamamoto requested that she meet with him once a week to let him know what she was working on and how she intended to carry out the tasks. This was in addition to the senior staff meetings that Ms. Richardson already attended. Mr. Yamamoto did not make a similar request of anyone else in the Department and Ms. Richardson was singled out for disparate treatment. Without having any basis for his decision, Mr. Yamamoto also removed her authority to make any hiring selections.

19. On or about June 20, 2005, Ms. Richardson contacted the Equal Employment Opportunity Office to report the Agency's disparate treatment. She also requested ADR. That same day, Bernadette M. Worthy, an Equal Opportunity Officer, contacted Mr. Yamamoto to inform him that Ms. Richardson had contacted the EEO office to lodge a discrimination complaint and request ADR.

20. On or about July 5, 2005, Ms. Worthy, under the authority of the OSY and Office of the General Counsel, offered a proposed resolution to Ms. Richardson.

21. On or about July 6, 2005, Ms. Richardson declined Ms. Worthy's proposal and informed her of her intent to continue with filing a formal complaint. That same day, Ms. Worthy informed Mr. Yamamoto of Ms. Richardson's rejection of the resolution and her intentions to file a formal complaint.

22. Within days, on or about July 11, 1005, in retaliation for pursuing a formal complaint, Mr. Bell, informed Ms. Richardson that the Agency had decided to temporarily reassign her from the Assistant Director for the Counter Espionage Division position for a period of 120 days. Mr. Bell also informed her that Mr. De Seve would assume her responsibilities while she was absent. Mr. Bell

instructed her to vacate her office immediately so that Mr. De Seve could occupy it even though Mr. De Seve had adequate work space where he was currently located. Furthermore, Ms. Richardson was required to move when others in the department who had been reassigned were not required to vacate their offices.

23. That same day, also in retaliation for exercising her civil rights, Mr. Bell gave Ms. Richardson a mid-year evaluation and cited performance issues that were completely inaccurate.

24. The Agency stripped Ms. Richardson of her management and supervisory authority.

25. The Agency assigned Ms. Richardson to a work area that was far more inferior and substandard in comparison to the offices occupied by lower level GS-14 employees.

26. The Agency also assigned Ms. Richardson the job duties of a GS-11 and GS-12, eliminating her GS-15 responsibilities in retaliation for her complaint. She was to be Mr. Bell's "Special Projects" person but the Agency never provided her with a written duty description.

27. On or about July 19, 2005, because of the stress and anxiety caused by the Agency's unlawful actions, Ms. Richardson began a period of sick leave for which she did not return to the OSY until August 30, 2005.

28. During Ms. Richardson's absence, Mr. Bell, at Mr. Yamamoto's direction, constantly harassed her by e-mailing her about a project the Agency wanted completed the moment she returned.

29. On or about August 8, 2005, Ms. Richardson filed her formal complaint with the Agency's Equal Opportunity Office.

30. On or about August 17, 2005, Ms. Richardson presented Mr. Bell with a physician's note and requested a reasonable accommodation due to the high level of stress and anxiety caused by the Agency's discriminatory actions and the fact that she lost her job duties and responsibilities in retaliation for filing her EEO complaint.  Mr. Bell denied her request and informed her, that in his opinion, she was not under any stress because she was no longer responsible for her GS-15 position.

31. As a result of the harassment, intimidation, retaliation, and harm to her career and professional reputation, Defendant caused Ms. Richardson significant emotional distress, forcing her to take time away from work.  Defendant's retaliatory actions have severely damaged Ms. Richardson's health and she was effectively removed from her GS-15 position in retaliation for engaging in protected activities.  Ms. Richardson has sought medical care as a direct and proximate result of the actions of Defendant.

32. Not being able to endure any further the harassment, intimidation, retaliation, and harm caused by Defendant's retaliatory actions, and the harm and embarrassment caused to her career and professional reputation, Ms. Richardson, on or about August 30, 2005, tendered her resignation effective September 17, 2005.

33. On or about September 6, 2005, at the behest of her physician and because of her worsening medical condition, Ms. Richardson informed Mr. Bell that her resignation would be effective September 8, 2005.

34. On or about September 7, 2005, Ms. Richardson amended her EEO complaint to include her claims concerning the Agency's retaliatory actions.

35. The Defendant's unlawful actions have interfered with Ms. Richardson's ability to advance her career and have significantly harmed her professional reputation. By preventing Ms. Richardson from carrying out her regular responsibilities and duties, Defendant has effectively undermined and ruined Ms. Richardson's career. Ms. Richardson has suffered objectively tangible harm because of the unlawful actions of Defendant.

36. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Richardson has suffered grievous harm to her professional career and reputation and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of substantial past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities and loss of retirement savings and benefits.

37. As a direct and proximate result of the intentional acts of Defendants and/or agents or employees acting on its behalf, Ms. Richardson has suffered grievous harm to her health. Defendant has caused Ms. Richardson to suffer from great emotional distress, embarrassment, humiliation, pain and anguish.

38. As a direct and proximate result of the retaliation, Ms. Richardson has been denied employment opportunities and has been subjected to adverse and disparate treatment. Ms. Richardson further alleges that these acts violate Title VII and that she has suffered and will continue to suffer severe emotional and mental distress and loss of employment benefits, opportunities and career advancement.

## EXHAUSTION OF REMEDIES

39. Ms. Richardson exhausted all administrative requirements that apply to the processing of her complaint, including the filing of a formal complaint with the Agency's EEO office.

## STATEMENT OF CLAIMS

**COUNT I:**  Retaliation Against Ms. Richardson for Engaging in Activities Protected by Title VII.

40. Ms. Richardson re-alleges paragraphs 1-39 and incorporates them fully herein. Ms. Richardson additionally alleges that Defendant and/or agents or employees acting on its behalf, subjected her to adverse and disparate treatment in retaliation for her opposition to Defendant's unlawful employment practices and her participation in protected activity.  Ms. Richardson further alleges that these acts and practices violate Title VII as well as the statutory provisions and regulations that specifically apply to the federal government as an employer

## RELIEF SOUGHT

WHEREFORE, Ms. Richardson demands judgment against the Defendant and respectfully requests:

    A.    That this court enter judgment for Plaintiff against Defendant on all Counts;

    B.    Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

C. Order the Defendant to reinstate Plaintiff in a GS-15 position commensurate with her experience, and with full benefits and other entitlements, retroactive to the date of any unlawful action found to have occurred in this case;

D. Award Plaintiff full back pay and front pay, including salary, benefits, and other entitlements retroactive to the date of any unlawful action found to have occurred in this case;

E. Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

F. Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of the Defendant actions and inactions, as well as pre-judgment and post-judgment interest; and;

G. Order such other equitable and legal relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by a jury of her peers as to all claims set forth in this Complaint.

Respectfully submitted,

_____
Camilla C. McKinney
D.C. Bar No. 448776
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934 (telephone)
(202) 517-9111 (facsimile)
CMcKinney@DCEmploymentLawyer.com
Attorney for Plaintiff Parthenia Richardson