**EXHIBIT 11**

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

# REQUEST FOR PERSONNEL ACTION

**PART A - Requesting Office** *(Also complete Part B, Items 1, 7-22, 32, 33, 36, and 39.)*

1. Actions Requested

ASSIGNMENT

| 2. Request Number |
|---|
| OSY-05-040 |

3. For Additional Information Call *(Name and Telephone Number)*

Rachel M Hughins x23008

| 4. Proposed Effective Date |
|---|
| 02/27/05  3/14/05 |

5. Action Requested By *(Typed Name, Title, Signature, and Request Date)*

Linda Guier, PerSec Program Mngr.

6. Action Authorized by *(Typed Name, Title, Signature, and Concurrence Date)*

Parthenia Richardson AD Se Div

**PART B** - For Preparation of SF 50 *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. Name *(Last, First, Middle)* | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Hilton, Starlene E. | | | |

| **FIRST ACTION** | | **SECOND ACTION** | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SECURITY SPECIALIST | SECURITY SPECIALIST |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZS | 0080 | III | 1 | | | ZS | 0080 | III | 1 | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFFICE OF THE SECRETARY<br>OFFICE OF THE CFO/ASA<br>OFFICE OF THE DIRECTOR OF SECURITY<br>COUNTERESPIONAGE DIVISION<br>PERSONNEL SECURITY PROGRAM | OFFICE OF THE SECRETARY<br>OFFICE OF THE CFO/ASA<br>OFFICE OF THE DIRECTOR OF SECURITY<br>COUNTERESPIONAGE DIVISION<br>NATIONAL SECURITY INFORMATION PROGRAM |

**EMPLOYEE DATA**

| 23. Veterans Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Pref for RIF |
|---|---|---|---|---|
| 1 - None<br>2 - 5-Point | 3 - 10-Point/Disability<br>4 - 10-Point/Compensable | 5 - 10-Point/Other<br>6 - 10-Point/Compensable/30% | 0 - None    2 - Conditional<br>1 - Permanent  3 - Indefinite | | YES  NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | 02/09/87 | F   FULL TIME | |

**POSITION DATA**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service   3 - SES General<br>2 - Excepted Service   4 - SES Career<br>**1** | E - Exempt<br>N - Nonexempt<br>**N** | 05/0127000/1104/1101 | 7777 |

| 38. Duty Station Code | 39. Duty Station *(City - County - State or Overseas Location)* |
|---|---|
| 11-0010-001 | WASHINGTON DC |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA  8 - Other | | |

**PART C - Reviews and Approvals** *(Not to be used by requesting office.)*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | Cindy Snyder | 3/9/05 | D. | | |
| B. APPROVED | Procurement men. lun | 3/10/05 | E. | | |
| C. | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

| Signature | | Approval Date |
|---|---|---|

CONTINUED ON REVERSE SIDE

52-118

OVER

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6239

Exhibit 11  Page 7

**PART D. Remarks by Requesting Office**

(Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)

☐ YES   ☐ NO

.11  Performance Level:  ZA-0080-III/5

**PART E. Employee Resignation/Retirement**

Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM

and agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1.  Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
| | | | |

**PART F. Remarks for SF 50**

Exhibit 22 Page 8

**EXHIBIT 12**

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

# REQUEST FOR PERSONNEL ACTION

**PART A - Requesting Office (Also complete Part B, items 1, 7-22, 32, 33, 36, and 39.)**
1. Actions Requested

Terminate to new agency (Department of Defense)

3. For Additional Information Call (Name and Telephone Number)

Rachel M. Hughins, x23008

| | 2. Request Number |
|---|---|
| | OSY-05-051 |

5. Action Requested By (Typed Name, Title, Signature, and Request Date)

Linda Guiet, Supvy Secur Specialist

6. Action Authorized by (Typed Name, Title, Signature, and Concurrence Date)

Parthenia Richardson, Asst Dir CED

4. Proposed Effective Date
05/14/05

**PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)**
1. Name (Last, First, Middle)

Herbert, Katrina M

| 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|
| | | 05/14/05 |

**FIRST ACTION**

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| | |

**SECOND ACTION**

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |

| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
|---|---|---|---|
| | | | |

| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
|---|---|---|---|
| | | | |

7. FROM: Position Title and Number

SECURITY SPECIALIST

15. TO: Position Title and Number

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZA | 0080 | III | 2 | | | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

14. Name and Location of Position's Organization

ICE OF THE SECRETARY
ICE ASST SEC FOR ADMIN
OFFICE OF SECURITY
COUNTER-ESPIONAGE DIVISION
Personnel Security Program

22. Name and Location of Position's Organization

**EMPLOYEE DATA**

23. Veterans Preference

| | |
|---|---|
| 1 - None | 3 - 10-Point/Disability | 5 - 10-Point/Other |
| 2 - 5-Point | 4 - 10-Point/Compensable | 6 - 10-Point/Compensable/30% |

24. Tenure

| 1 | 0 - None    2 - Conditional |
|---|---|
| | 1 - Permanent   3 - Indefinite |

25. Agency Use

26. Veterans Pref for RIF

27. FEGLI

28. Annuitant Indicator

9   NOT APPLICABLE

29. Pay Rate Determinant

0

30. Retirement Plan

31. Service Comp. Date (Leave)

08/07/90

32. Work Schedule

F   FULL TIME

33. Part-Time Hours Per Biweekly Pay Period

0

**POSITION DATA**

34. Position Occupied

| 1 | 1 - Competitive Service    3 - SES General |
|---|---|
| | 2 - Excepted Service    4 - SES Career |

35. FLSA Category

| E | E - Exempt |
|---|---|
| | N - Nonexempt |

36. Appropriation Code

05/0127000/1101/1104

APPROVED
OFB
5/6/05

38. Duty Station Code

11-0010-001

39. Duty Station (City - County - State or Overseas Location)

WASHINGTON DC

37. Bargaining Unit Status

7777

40. Agency Data

| 41. | 42. | 43. | 44. |
|---|---|---|---|
| | | | |

45. Educational Level

46. Year Degree Attained

47. Academic Discipline

48. Functional Class

49. Citizenship

| 1 - USA   8 - Other |
|---|

50. Veterans Status

51. Supervisory Status

**PART C - Reviews and Approvals (Not to be used by requesting office.)**

1. Office/Function

| Initials/Signature | Date |
|---|---|
| Cindy Snyder | 5/6/05 |

| | Office/Function | Initials/Signature | Date |
|---|---|---|---|
| D. | | | |
| E. | | | |
| F. | | | |

Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature

Approval Date

CONTINUED ON REVERSE SIDE
118

OVER

Editions Prior to 7/91 Are Not Usable After 6/30/95

**PART D. Remarks by Requesting Office**

(Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement? If "YES", please state these facts on a separate sheet and attach to SF 52.)

☐ YES ☐ NO

**PART E. Employee Resignation/Retirement**

**Privacy Act Statement**

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM

and agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
| | | | |

**PART F. Remarks for SF 50**

Exhibit 22 Page 10

FORM CD-516
(1-94) E.F
DAO 202-80

U.S. DEPARTMENT OF COMMERCE

☐ NEW
☐ I/A: _____
MR#: _____
IP#: _____

# CLASSIFICATION AND
# PERFORMANCE MANAGEMENT RECORD

• Performance Plan    • Performance Appraisal    • Performance Recognition    • Progress Review    • Position Description

Employee's Name: Katrina M Herbert

Social Security No.: ▮▮▮▮▮▮

Position Title: Security Specialist

Pay Plan, Series, Grade/Step: ZA-0080-III/2

Organization: 1. OFFICE OF THE SECRETARY    4. Counterespionage Division

2. OFFICE OF THE CFO/ASA    5. Personnel Security Program

3. OFFICE OF SECURITY    6. _____

Rating Period: 10/01/04-09/30/05

Covered By: ☐ Senior Executive Service    ☐ Other _____

☑ General Workforce

## PART A—POSITION DESCRIPTION

**POSITION CERTIFICATION—**I certify that this is an accurate statement of the major duties and responsibilities of the position and its organization relationships and that the position is necessary to carry out Government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds and that false or misleading statements may constitute violation of such statute or their implementing regulations.

| SUPERVISOR'S SIGNATURE | DATE | SECOND LEVEL SUPERVISOR | DATE |
|---|---|---|---|
| Linda Guier | | Parthenia Richardson | |

| CLASSIFICATION CERTIFICATION | OFFICIAL TITLE: | | | | | |
|---|---|---|---|---|---|---|
| | PP: | SERIES: | FUNC: | GRADE: | I/A: ☐ YES ☐ NO | |

I certify that this position has been classified as required by Title 5, US Code, in conformance with standards published by the OPM or, if no published standard applies directly, consistently with the most applicable published standards.

NAME AND TITLE OF CLASSIFIER
Parthenia Richardson, Asst Dir for CED

SIGNATURE

DATE

## PART B—PERFORMANCE PLAN

This plan is an accurate statement of the work that will be the basis of the employee's performance appraisal.

| NAME AND TITLE OF FIRST LINE SUPERVISOR/RATING OFFICIAL | SIGNATURE | |
|---|---|---|
| | | DATE |

**APPROVAL—**I agree with the certification of the position description and approve the performance plan.

| NAME AND TITLE OF APPROVING OFFICIAL OR SES APPOINTING AUTHORITY | SIGNATURE | |
|---|---|---|
| | | DATE |

**EMPLOYEE ACKNOWLEDGEMENT—**My signature acknowledges discussion of the position description and receipt of the plan, and does not necessarily signify agreement.

| | SIGNATURE | |
|---|---|---|
| | | DATE |

**PRIVACY ACT STATEMENT—**Disclosure of your social security number on this form is voluntary. The number is linked with your name in the official personnel records system to ensure unique identification of your records. The social security number will be used solely to ensure accurate entry of your performance rating into the automated record system.

# MASTE    RECORD/INDIVIDUAL POSITI  N DATA

## A. KEY DATA

| 1. FUNCTION (1) A/C/D/I/R | 2. DEPT. CD/AGCY-BUR CD (4) | 3. SON (4) | 4. MR NO (6) | 5. GRADE (2) | 6. IP NO (8) |
|---|---|---|---|---|---|
| | | | | | |

## B. MASTER RECORD

| 1. PAY PLAN (2) | 2. OCC SER (4) | 3. OCC FUNC CD (2) | 4. OFF TLE-PF/CD/SF (6) PFIX   TITLE CD   SFIX | 5. OFF TITLE (38)  (32 W/ PF OR SF)  (26 W/ PF AND SF) |
|---|---|---|---|---|
| | | | | |

| 6. HQ/FLD CD (1) 1=HQ 2=FLD | 7. SUPV CD (1) 1=SUPV SGEG 2=SUPV GSSG 3=MGR SGEG 4=SUPV CSRA   5=MGT CSRA 6=LDR LGEG 8=ALL OTHERS | 8. CLASS STD CD (1) X=NEW STD BLANK=N/A | 9. INTERDIS CD (1) N=NO Y=INTERDIS | 10. DATE CLASS (6) MO   DAY   YEAR |
|---|---|---|---|---|
| | | | | |

| 11. EARLY RET CD (1) 1=PRIMARY 2=SECONDARY   3=FOREIGN SVC BLANK=N/A | 12. INACT/ACT (1) A=ACTIVE I = INACTIVE | 13. DT ABOL (6) MO   DAY   YEAR | 14. DT INACT/REACT (6) MO   DAY   YEAR | 15. AGCY USE  (10) |
|---|---|---|---|---|
| | | | | |

16. INTERDIS SERIES (40)

| (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

17. INTERDIS-PF/CD/SF (50) (32 W/ PF OR SF)  (26 W/ PF AND SF)

| (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

## C. INDIVIDUAL POSITION

| 1. FLSA (1) E=EXEMPT  N=NONEXEMPT | PAY TBL (6) | 2. FIN DS (1) | PROC INTG (1) Y=YES N=NO | 3. POS SCHED (1) A=SCH A  0=EXCEPTED B=SCH B  BUT NOT C=SCH C  A,B,C | 4. POS SENS (2) 1=LOW RISK   C=ADP 2=NONCRIT/SENS  N=NON-ADP 3=CRIT/SENS 4=SPECIAL SENS 5=MOD RISK 6=HIGH RISK | 4A. DRUG TS (1) yes |
|---|---|---|---|---|---|---|
| E | | 4 | | 3n | | |

| 6. WK TITLE CD (4) | 7. WK TITLE (38) | 5. COMP LVL (4) |
|---|---|---|
| | | |

8. ORG STR CD (18)

| (1st) | (2nd) | (3rd) | (4th) | (5th) | (6th) | (7th) | (8th) | 9. VAC REV CD (1) D=POSN ACTION  B=LOWER GRADE  D=DIFFERENT TITLE NO VACANCY  C=HIGHER GRADE  AND/OR SERIES A=NO CHANGE  E=NEW POSN/NEW FTE |
|---|---|---|---|---|---|---|---|---|
| 51 | 11 | 04 | 0003 | | | | | |

| 10. TARGET GRADE (2) III/3 | 11. LANG REQ (2) | 12. PROJ DUTY IND (1) BLANK=N/A Y=YES | 13. DUTY STATION (9) ST (2)  CITY (4)  CNTY (3) 11   0010   001 | 14. BUS CD (4) | 15. DT LST AUDIT (6) MO   DAY   YEAR | 16. PAS IND/LEO (1) BLANK=N/A 1=PAS A=LEO | 17. DATE-EST (6) MO   DAY   YEAR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 18. GRADE BASIS IND (1) 1=REV WHEN VACANT  4=SUP/PROGRAM  7=EQUIP DEV GUIDE 2=IMPACT OF PERSON  5=RGEG 3=SUPV/GSSG  6=POLICY ANAL GEG | 19. DT REQUEST RECD (6) MO   DAY   YEAR | 20. NTE DATE (6) MO   DAY   YEAR | 21. POS ST BUD (1) Y=PERM N=N/A |
|---|---|---|---|
| | | | |

22. MAINT REV/CLASS ACT CD (2)  (1ST DIGIT=ACTIVITY AND 2ND DIGIT=RESULTS)

| ACTIVITY 1=AUDIT (COUNTED TOWARDS MAINTENANCE REVIEW) 2=OTHER ACTIVITY | RESULTS 1=NO ACTION REQUIRED  4=TITLE CHANGE  7=POSN DOWNGRADE 2=MINOR PD CHANGE  5=SERIES CHANGE  8=NEW POSN 3=NEW PD REQUIRED  6=POSN UPGRADE  9=OTHER |
|---|---|
| | |

| 23. DATE EMP ASGN (6) MO   DAY   YEAR | 24. DATE ABOL (6) MO   DAY   YEAR | 25. INACT/ACT (1) A=ACTIVE I = INACTIVE | 26. DATE INACT/REACT (6) MO   DAY   YEAR | 27. ACCTG STAT (4) | 28. INTASGN SER (4) | 29. AGENCY USE (8) |
|---|---|---|---|---|---|---|
| | | | | | | |

30. PERSONNEL MANAGEMENT SPECIALIST'S SIGNATURE

31. DATE

32. REMARKS

FORM CD-516   (1-94) LF  DAO 202-430

Exhibit 22  Page 12

**EXHIBIT 13**

# DECLARATION OF WILLIE "JAY" JAMISON

Ms. Parthenia Richardson

v.

Agency Case No. 05-51-00166

U.S. Department of Commerce

I, Willie "Jay" Jamison, pursuant to 28 U.S.C. § 1746, hereby declare:

I understand that this is the claim accepted for investigation:

Complainant, formerly the Assistant Director for Counter Espionage, GS-15, Office of Security, Office of the Secretary, Department Of Commerce alleges that she has been subjected to a continuous pattern of discrimination and harassment constituting a hostile work environment due to her race (Black) and sex (female). She cites the following:

1. During the period of May to June 2005, Richard Yamamoto did not support her as a supervisor and challenged her employment actions, despite her having obtained guidance from the Office of Human Resources and the Office of General Counsel.

2. In June 2005, Yamamoto took away her ability to make supervisory decisions, including hiring selections.

3. Since June 2005, Yamamoto requires her to meet him on a weekly basis for 30 minutes to discuss supervisory decisions and duties.

4. During the period of May to June 2005, Yamamoto failed to provide her any positive feedback, despite receiving positive feedback from two major clients, and also failed to openly acknowledge her contributions to the organization.

5. During the period of April to June 2005, Yamamoto undermined her authority with staff by allowing them to come directly to him with their concerns and siding with them on controversial matters without first obtaining her rationale for employment decisions and actions.

6. In May 2005, Yamamoto allowed her Caucasian male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7. During the period of April to May 2005, Yamamoto treated her with hostility and openly challenged any statements she made in staff meetings and other open forums.

1 of 1

14      1

8. On June 1, 2005, Yamamoto told her that he, his colleagues, and his staff did not have confidence in her ability to manage, and added that while he had received outstanding recommendations from previous supervisors and was excited about her coming on board, he now had doubts. At that time, Yamamoto also stated that he had no more 'blue chips" available, and that he has used them all up.

Complainant also alleges retaliation for having engaged in the EEO complaint process when:

9. On July 11, 2005, she was informed by Dave Bell, Acting Deputy Director, Office of Security, that effective July 12, 2005, she was being temporarily reassigned from her position as Assistant Director for the Counter Espionage Division for a period of 120 days. She also learned that Thomas deSeve, a Caucasian male counterpart, was assigned to assume her responsibilities while continuing his current responsibilities.

10. On July 11, 2005, Bell gave her a mid-year counseling that was less than favorable and cited items/issues that were inaccurate.

11. On July 11, 2005, She was informed that she was to move out of her office so that deSeve could occupy my space. She contends that deSeve already had adequate space, which would have allowed him to effectively manage both his pre-existing duties and the duties reassigned to him. She further contends that Linda Guier and Susan Powers, two Caucasian, GS-14 female managers, were reassigned from under her supervision on May 9, 2005, yet were not required to relocate.

12. She was required to move to a workspace where GS-14 employees had better accommodations.

13. The duties given to her on her reassignment are GS-11 and GS-12 duties.

14. On August 17, 2005, she spoke to Bell and requested reasonable accommodation, as recommended by her physician for stress and Bell commented, "You are not under any stress, we just moved you from stress."

15. As a result of the refusal to comply with her request concerning the stress and to escape the hostile work environment, she "submitted an involuntary termination" (i.e., constructive discharge) on September 6, 2005.

14   2

1.  Would you please identify yourself by race?

    I am African American

2.  What is your position (title, series, grade) and how long have you held this position?

    Human Resources Specialist (Employee and Labor Relations), ZA-0201-04 for the
    past three years, eight months. I have over 30 years of HR experience with the
    Federal government.

3.  How long have you serviced OSY?

    Three years, eight months

4.  Ms. Richardson contends that, during the period of May to June 2005, Richard
    Yamamoto did not support her as a supervisor and challenged her employment
    actions, despite her having obtained guidance from the Office of Human Resources
    and the Office of General Counsel. Did you speak with Ms. Richardson concerning
    employment actions she planned to take? If so, was action she took consistent with
    the guidance you provided?

    Shortly after Ms. Richardson assumed her duties as Chief of the Counter-Espionage
    Division, I met with her on numerous occasions to discuss Human Resources (HR)
    personnel issues related to her subordinates. Specifically, she stated that she felt
    that a number of them were not qualified for the positions they held and that was
    reflected in the manner in which they performed their duties and responsibilities. In
    addition, she told me that a number of her subordinates were not cooperating with
    her when she requested information from them and that the information they
    provided was often inaccurate. She also indicated that there was evidence that one
    of her subordinates was involved in off-duty misconduct. She also stated that a
    number of her subordinates had issues relating to time and attendance and it
    appeared that some of them may be abusing leave policies. I discussed with Ms.
    Richardson the types of behavior she should expect her employees to exhibit. For
    example, employees are expected to: report for duty on time; follow their
    supervisor's instructions; perform duties in an acceptable manner, schedule annual
    leave in advance. I also discussed with Ms. Richardson procedures for documenting
    counseling discussions; the procedures for placing employees whose performance
    is substandard on a performance improvement plan; and the procedures for placing
    an employee on leave restrictions.

5.  Compare Ms. Richardson's disciplinary actions to those of other supervisors in OSY
    in terms of number of actions brought to your attention and the nature of the
    problems supervisors experienced with their subordinates, i.e., was Ms. Richardson
    finding it necessary to propose disciplinary action less/more/as frequently as other
    supervisors in OSY; were the problems she was experiencing, e.g., attendance,

3 of 3

insubordination, performance, similar to those experienced by other supervisors. Please be specific.

Ms. Richardson did not initiate any request to the Office of Human Resources Management to process any formal disciplinary or adverse actions against any subordinate. Disciplinary actions are written reprimands and suspensions for 14 days or less. Adverse actions are removal from the Federal service, suspensions for more than 14 days, reduction in grade or pay, or furlough for 30 days of less. All of these actions must be processed in the HR Office. However, any supervisor, to include Ms. Richardson may initiate informal disciplinary actions (e.g., oral counseling, written counseling, oral warnings, written warnings, oral admonishments, written admonishments) without the prior approval of HR. As indicate in 4 above, the problems she dealt with concerned issues related to attendance, performance, and conduct. Other supervisors in OSY have dealt with the same issues. However, those supervisors did initiate disciplinary and adverse actions against subordinates.

6. Did Mr. Bell and/or Mr. Yamamoto support her attempts to discipline, counsel, and/or reassign her subordinate employees? If not, why not?

   Yes, I believe they did.

7. Did you note any differences in the support Mr. Bell and Mr. Yamamoto provided Ms. Richardson as an Assistant Director and the support they provided to her GS-15 counterparts? If so, describe what the differences were and why they occurred.

   I did not notice any differences.

8. Do you have any reason to believe Mr. Bell and/or Mr. Yamamoto's treatment of Ms. Richardson, as described in her complaint (cited above), was based on discrimination due to her race and sex? If so, explain why?

   I have no reason to believe that Mr. Bell or Mr. Yamamoto discriminated against Ms. Richardson because of her sex and race.

9. To your knowledge, was Mr. Bell and/or Mr. Yamamoto concerned with Ms. Richardson's ability to effectively manage the work of her division and/or her subordinates about problems? If so, how and when did you become aware of this concern and what were their concerns?

   There were no concerns initially and both Mr. Bell and Mr. Yamamoto supported Ms. Richardson's efforts to manage her Division. However several months after her assignment to the Department, both Mr. Bell and Mr. Yamamoto were concerned with the manner in which Ms. Richardson was running her Division. They advised me that morale was low in her Division; employees were searching for positions

*uy*

outside of the Division. In addition, I was advised there was an anonymous complaint about Ms. Richardson to the Commerce Secretary and a separate complaint to the Inspector General.

10. Did they express similar concerns with other GS-15 Assistant Directors? If so, who was the Assistant Director and what was the concern?

Neither Mr. Bell nor Mr. Yamamoto expressed to me any concerns with other GS-15 Assistant Directors.

11. Did Mr. Bell or Mr. Yamamoto speak with you about detailing Ms. Richardson to Special Projects Officer duties? If so, when did they speak with you and why did they consider such detail necessary?

I spoke with Mr. Bell and Mr. Yamamoto in early June 2005 regarding their desire to detail Ms. Richardson to the Special Projects Officer duties. They both believed that Ms. Richardson was not effectively performing the duties of the position and that it would be in the best interest of the organization to detail her to other duties for a period of time.

12. Why was no paperwork, specifically an SF-52/SF-50, prepared effecting the detail?

The Office of Security did initiate an SF-52 to detail Ms. Richardson to other duties for 120 days. However, the Office of Personnel Management (OPM) Guide to Processing Personnel Actions allows agencies to detail an employee to a position for more than 30 days but less than 120 days without documentation if the detail is to a position which does not have promotion potential.

13. To your knowledge, did management intend to return Ms. Richardson to her Assistant Director position at the end of the detail? If not, why not?

I am not sure what management intended when the detail ended. They wanted to assess her performance while on the detail and make a decision once the detail ended.

14. Do you have any reason to believe Ms. Richardson was reassigned as Special Projects Officer to humiliate her, to force her to resign, and/or in reprisal for her having filed an EEO complaint? If so, explain why.

I have no reason to believe that Ms. Richardson was detailed to the Special Project Office duties to humiliate her, to force her to resign and/or in reprisal for her having filed an EEO complaint.

15. Did Mr. Bell ever express to you or others that he had to "fire" Ms. Richardson? If so, to whom, when, and why?

14
5

Mr. Bell never expressed to me that he wanted to "fire" Ms. Richardson. He did not forward any request for personnel action to the Office of Human Resources Management to "fire" Ms. Richardson.

16. Did Mr. Bell speak with you about a possible reassignment for Ms. Richardson outside OSY? If so, when, why, and what action was taken?

My discussion with Mr. Bell was limited to detail assignments within OSY. He does not have the authority to assign Ms. Richardson to position outside of OSY. Only the Office of Human Resources Management has this authority.

17. If action to reassign Ms. Richardson outside OSY was initiated, what was the status of such action at the time of her resignation?

I am not aware of any action being initiated reassign Ms. Richardson outside OSY.

18. To your knowledge, was she aware of such action prior to her resignation? If so, why did she resign?

I have no knowledge of what Ms. Richardson's understanding was regarding placement out of OSY when she resigned. Ms. Richardson did call me one day and made a request that she be reassigned out of OSY because she was dissatisfied. I explained to her the circumstances under which the Office of Human Resources Management could affect management directed reassignments and that the fact she was dissatisfied within OSY was no basis to affect a management directed reassignment. I advised her that she could apply for vacancies in other organizations, or Bureaus for which she was qualified.

19. To your knowledge, have Mr. Bell or Mr. Yamamoto reassigned employees to other Bureaus within DOC, specifically an employee to the Bureau of Industry and Security when he was unable to acquire the required level of security clearance? If so, provide the name, race, sex and position of the person(s) reassigned and the Bureau(s) to which reassigned.

I have no knowledge that Mr. Bell or Mr. Yamamoto reassigned employees to other Bureaus within DoC. Neither Mr. Bell nor Mr. Yamamoto has the authority to reassign an OSY employee to another Bureau. They only have the authority to reassign within OSY.

20. Is there anything else you want to state?

I have nothing further to add to this statement.

6 of 6

I have read the above statement consisting of __6__ pages. I declare under the penalties of perjury that my statement is true, correct and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

Jay Jamison

Executed on: <u>November 28, 2005</u>

14    7

**EXHIBIT 14**

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

# REQUEST FOR PERSONNEL ACTION

## PART A - Requesting Office (Also complete Part B, Items 1, 7-22, 32, 33, 36, and 39.)

1. Action's Requested

REASSIGNMENT

| 2. Request Number |
|---|
| OSY-05-053 |

3. For Additional Information Call (Name and Telephone Number)

Rachel M Hughins, (202) 482-3008

| 4 Proposed Effective Date |
|---|
| 05/09/05 |

5. Action Requested By (Typed Name, Title, Signature, and Request Date)

Kevin Sadler, AD, S & AMD

6. Action Authorized by (Typed Name, Title, Signature, and Concurrence Date)

Richard Yamamoto, Director OSY

## PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Guier, Linda | | | 05/15/05 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code 5-B. Nature of Action | | 6-A. Code 6-B. Nature of Action | |
| 721 | REASSIGNMENT | | |
| 5-C. Code 5-D. Legal Authority | | 6-C. Code 6-D. Legal Authority | |
| N2M | REG 335.102 | | |
| 5-E. Code 5-F. Legal Authority | | 6-E. Code 6-F. Legal Authority | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SECURITY SPECIALIST | SECURITY SPECIALIST |

030052

| 8 Pay Plan | 9.Occ Code | 10.Grade or Level | 11.Step or Rate | 12. Total Salary | 13.Pay Basis | 16 Pay Plan | 17 Occ. Code | 18 Grade or Level | 19.Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZA | 0080 | IV | 1 | | PA | ZA | 0080 | IV | 1 | | PA |
| 12A. Basic Pay | 12B. Locality Adj | 12C. Adj. Basic Pay | 12D. Other Pay | | | 20A. Basic Pay | 20B. Locality Adj | 20C. Adj. Basic Pay | 20D. Other Pay | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFFICE OF THE SECRETARY OFFICE OF THE CFO/ASA OFFICE OF SECURITY COUNTERESPIONAGE DIVISION Personnel Security Program | OFFICE OF THE SECRETARY OFFICE OF THE CFO/ASA OFFICE OF SECURITY CLIENT SECURITY SERVICES DIVISION |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Pref for RIF |
|---|---|---|---|---|
| 1 - None  3 - 10-Point/Disability  5 - 10-Point/Other  2 - 5-Point  4 - 10-Point/Compensable  6 - 10-Point/Compensable/30% | | 1 | | YES  NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| BASIC | 9    NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | 03/30/85 | F    FULL TIME | |

APPROVED
OEB

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service  3 - SES General  2 - Excepted Service  4 - SES Career  [1] | E - Exempt  N - Nonexempt  [E] | 05/0127000/1104/1101 | 7777 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON, DISTRICT OF COLUMBIA DC |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA  8 - Other | | |

## PART C - Reviews and Approvals (Not to be used by requesting office.)

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | Cindy Snyder | 5/6/05 | D. | SW | 5/10/05 |
| B. | | | E. | | |
| C. | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature

Sharondah Walton

Approval Date

5/10/05

CONTINUED ON REVERSE SIDE
52-118

OVER

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

Exhibit 19 Page 1

**PART D - Remarks by Requesting Office**

(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)

☐ YES    ☐ NO

PL: ZA-0080-IV/3

**PART E - Employee Resignation/Retirement**

Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address.  Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits.  Your forwarding address will be used primarily to mail you copies of any documents you should have of any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code.  Sections 301 and 3301 authorize OPM

and agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1.  Reasons for Resignation/Retirement (NOTE:  Your reasons are used in determining possible unemployment benefits.  Please be specific and avoid generalizations.  Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
|  |  |  |  |

**PART F - Remarks for SF 50**

Exhibit 19 Page 2

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | |
|---|---|---|
| GUIER, LINDA | | |

**FIRST ACTION**

| 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|
| | | 05/15/05 |

**SECOND ACTION**

| 5-A. Code | 5-B. Nature of Action | | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|---|
| 5 | REASSIGNMENT | | | |
| 5-C. Code | 5-D. Legal Authority | | 6-C. Code | 6-D. Legal Authority |
| N2M | REG 335.102 | | | |
| 5-E. Code | 5-F. Legal Authority | | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPVY SECUR SPECLST | SECUR SPECLST |
| OA          030056 | OA          050095 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | ZA | 0080 | 04 | 01 | | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFFICE OF THE SECRETARY | OFFICE OF THE SECRETARY |
| CHF FINCL OFCR AND A/S FOR ADM | CHF FINCL OFCR AND A/S FOR ADM |
| OFC OF SECURITY | OFC OF SECURITY |
| COUNTER-ESPIONAGE DIVISION | CLIENT SERVICES DIVISION |
| | CM 511104000400000000     PP 10 2005 |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|
| 1 - None          3 - 10 Point/Disability | | 1     0 - None     2 - Conditional | | YES     NO |
| 2 - 5 Point      4 - 10 Point/Compensable | | 1 - Permanent     3 - Indefinite | | |
| 6 - 10 Point/Compensable/30% | | 28. Annuitant Indicator | | 29. Pay Rate Determinant |

**27. FEGLI**

| | | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|---|
| | | 9     NOT APPLICABLE | 0 |

| ...ment Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | 03/30/85 | F     FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1     1 - Competitive Service     3 - SES General | E     E - Exempt | | 7777 |
|        2 - Excepted Service     4 - SES Career Reserved |        N - Nonexempt | | |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON     DIST OF COLUMBIA     DC |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

**45. Remarks**

POSITION IS AT THE FULL PERFORMANCE LEVEL.

Exhibit 19 Page 3

| ...loying Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| EP     MENT OF COMMERCE | |

| 7. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
|---|---|---|---|
| CM 51 | 1702 | 05/10/05 | MARY E. KING |
| | | | HUMAN RESOURCES OFFICER |

Part     50-315

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6237

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

**REQUEST FOR PERSONNEL ACTION**

PP 10

**PART A - Requesting Office** *(Also complete Part B, Items 1, 7-22, 32, 33, 36, and 39.)*

1. Actions Requested

REASSIGNMENT

3. For Additional Information Call *(Name and Telephone Number)*

Rachel M Hughins, (202) 482-3008

5. Action Requested By *(Typed Name, Title, Signature, and Request Date)*

Kevin Sadler, AD, S & AMD / _____ 5/6/05

2. Request Number

OSY-05-054

4. Proposed Effective Date

05/09/05

6. Action Authorized by *(Typed Name, Title, Signature, and Concurrence Date)*

Richard Yamamoto, Director OSY

**PART B - For Preparation of SF 50** *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

1. Name *(Last, First, Middle)*

Powers, Susan F.

| 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|
| | | 05/15/05 |

**FIRST ACTION**

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 721 | REASSIGNMENT |

| 5-C. Code | 5-D. Legal Authority |
|---|---|
| N2M | REG 335.102 |

| 5-E. Code | 5-F. Legal Authority |
|---|---|
| | |

**SECOND ACTION**

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |

| 6-C. Code | 6-D. Legal Authority |
|---|---|
| | |

| 6-E. Code | 6-F. Legal Authority |
|---|---|
| | |

7. FROM: Position Title and Number

SECURITY SPECIALIST

15. TO: Position Title and Number

SECURITY SPECIALIST

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| ZA | 0080 | IV | 2 | | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| | | | |

| 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| ZA | 0080 | IV | 2 | | PA |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| | | | |

14. Name and Location of Position's Organization

OFFICE OF THE SECRETARY
OFFICE OF THE CFO/ASA
OFFICE OF SECURITY
COUNTERESPIONAGE DIVISION

National Security Information Program

22. Name and Location of Position's Organization

OFFICE OF THE SECRETARY
OFFICE OF THE CFO/ASA
OFFICE OF SECURITY
EMERGENCY MANAGEMENT DIVISION

**EMPLOYEE DATA**

23. Veterans Preference

| 1 - None | 3 - 10-Point/Disability | 5 - 10-Point/Other |
|---|---|---|
| 2 - 5-Point | 4 - 10-Point/Compensable | 6 - 10-Point/Compensable/30% |

27. FEGLI

30. Retirement Plan

31. Service Comp. Date (Leave)

08/04/81

24. Tenure

| 0 - None | 2 - Conditional |
|---|---|
| 1 | 1 - Permanent  3 - Indefinite |

28. Annuitant Indicator

9    NOT APPLICABLE

32. Work Schedule

F    FULL TIME

25. Agency Use

26. Veterans Pref for RIF

☑ YES    ☐ NO

29. Pay Rate Determinant

0

APPROVED
OEB

33. Part-Time Hours Per Biweekly Pay Period

**POSITION DATA**

34. Position Occupied

| 1 - Competitive Service | 3 - SES General |
|---|---|
| 1 | 2 - Excepted Service    4 - SES Career |

38. Duty Station Code

11-0010-001

35. FLSA Category

| E | E - Exempt |
|---|---|
| | N - Nonexempt |

36. Appropriation Code

05/0127000/1104/1101

39. Duty Station *(City - County - State or Overseas Location)*

WASHINGTON, DISTRICT OF COLUMBIA DC

37. Bargaining Unit Status

7777

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA  8 - Other | | |

**PART C - Reviews and Approvals** *(Not to be used by requesting office.)*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | Cindy Snyder | 5/6/05 | D. | SW | 5/10/05 |
| B. | | | E. | | |
| C. | | | F. | | |

Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature

Shandomah Walters

Approval Date

5/10/05

CONTINUED ON REVERSE SIDE
52-118

OVER

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6289

Exhibit 19 Page 4

## PART D - Remarks by Requesting Office
(Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)

☐ YES  ☐ NO

PL: ZA-0080-IV/3

## PART E - Employee Resignation/Retirement

### Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM

and agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reasons for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|

## PART F - Remarks for SF 50

Exhibit 19 Page 5

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| POWERS, SUSAN F | | | 05/15/05 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 1 | REASSIGNMENT | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N2M | REG 335.102 | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPVY SECUR SPECLST | SECUR SPECLST |
| OA          000655 | OA          050094 |

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | ZA | 0080 | 04 | 02 | | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFFICE OF THE SECRETARY | OFFICE OF THE SECRETARY |
| CHF FINCL OFCR AND A/S FOR ADM | CHF FINCL OFCR AND A/S FOR ADM |
| OFC OF SECURITY | OFC OF SECURITY |
| COUNTER-ESPIONAGE DIVISION | EMERGENCY MGMT DIVISION |
| | CM 511104000300000000     PP 10 2005 |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|
| 1-None     3-10 Point/Disability     5-10 Point/Other | | 1 | | |
| 2-5 Point     4-10 Point/Compensable     6-10 Point/Compensable/30% | | 0-None     2-Conditional | | ☒ YES   ☐ NO |
| | | 1-Permanent   3-Indefinite | | |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | 9   NOT APPLICABLE | 0 |

| Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | 08/04/81 | F   FULL TIME | |

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1-Competitive Service   3-SES General | E   E-Exempt | | |
| 2-Excepted Service   4-SES Career Reserved | N-Nonexempt | | 7777 |
| 1 | E | | |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON   DIST OF COLUMBIA   DC |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | A110894 |

45. Remarks

POSITION IS AT THE FULL PERFORMANCE LEVEL.

Exhibit 9 Page 6

| Approving Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF COMMERCE | |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | MARY E. KING |
|---|---|---|---|
| CM 51 | 1702 | 05/10/05 | HUMAN RESOURCES OFFICER |

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

Part 50-315

Editions Prior to 7/91 Are Not Usable After 8/30/93
NSN 7540-01-333-6237

511104000300000000

PP 10 1*2005*BATCH 17025840 000-00-202 04 12/72 04

**EXHIBIT 15**

## DECLARATION OF MR. HAROLD L. WASHINGTON, JR.

Ms. Parthenia Richardson

      v.

                             Agency Case No. 05-51-00166

U.S. Department of Commerce

I, Harold L. Washington, Jr., pursuant to 28 U.S.C. § 1746, hereby declare:

I understand that this is the claim accepted for investigation:

Complainant, formerly the Assistant Director for Counter Espionage, GS-15, Office of Security, Office of the Secretary, Department Of Commerce alleges that she has been subjected to a continuous pattern of discrimination and harassment constituting a hostile work environment due to her race (Black) and sex (female). She cites the following:

1. During the period of May to June 2005, Richard Yamamoto did not support her as a supervisor and challenged her employment actions, despite her having obtained guidance from the Office of Human Resources and the Office of General Counsel.

2. In June 2005, Yamamoto took away her ability to make supervisory decisions, including hiring selections.

3. Since June 2005, Yamamoto requires her to meet him on a weekly basis for 30 minutes to discuss supervisory decisions and duties.

4. During the period of May to June 2005, Yamamoto failed to provide her any positive feedback, despite receiving positive feedback from two major clients, and also failed to openly acknowledge her contributions to the organization.

5. During the period of April to June 2005, Yamamoto undermined her authority with staff by allowing them to come directly to him with their concerns and siding with them on controversial matters without first obtaining her rationale for employment decisions and actions.

6. In May 2005, Yamamoto allowed her Caucasian male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7. During the period of April to May 2005, Yamamoto treated her with hostility and openly challenged any statements she made in staff meetings and other open forums.

1 of 6

Initials _____

8. On June 1, 2005, Yamamoto told her that he, his colleagues, and his staff did not have confidence in her ability to manage, and added that while he had received outstanding recommendations from previous supervisors and was excited about her coming on board, he now had doubts. At that time, Yamamoto also stated that he had no more "blue chips" available, and that he has used them all up.

Complainant also alleges retaliation for having engaged in the EEO complaint process when:

9. On July 11, 2005, she was informed by Dave Bell, Acting Deputy Director, Office of Security, that effective July 12, 2005, she was being temporarily reassigned from her position as Assistant Director for the Counter Espionage Division for a period of 120 days. She also learned that Thomas deSeve, a Caucasian male counterpart, was assigned to assume her responsibilities while continuing his current responsibilities.

10. On July 11, 2005, Bell gave her a mid-year counseling that was less than favorable and cited items/issues that were inaccurate.

11. On July 11, 2005, she was informed that she was to move out of her office so that deSeve could occupy my space. She contends that deSeve already had adequate space, which would have allowed him to effectively manage both his pre-existing duties and the duties reassigned to him. She further contends that Linda Guier and Susan Powers, two Caucasian, GS-14 female managers, were reassigned from under her supervision on May 9, 2005, yet were not required to relocate.

12. She was required to move to a workspace where GS-14 employees had better accommodations.

13. The duties given to her on her reassignment are GS-11 and GS-12 duties.

14. On August 17, 2005, she spoke to Bell and requested reasonable accommodation, as recommended by her physician for stress and Bell commented, "You are not under any stress, we just moved you from stress."

15. As a result of the refusal to comply with her request concerning the stress and to escape the hostile work environment, she "submitted an involuntary termination" (i.e., constructive discharge) on September 6, 2005.

For the purpose of this declaration I confirm that my race is **Black**.

Initials _____

13    2

Information I received from HR indicates you are a Supervisory Security Specialist, ZA-0800-05 and in charge of the Census Program within the Client Security Services Division of the Office of Security. Is that correct?

Response: Correct.

Where are you located?

Response: Bureau of the Census, Suitland Federal Center, Suitland, MD.

How long have you held that position?

Response: My current position, five years.

How long have you worked for OSY?

Response: Seven years.

Do you have direct knowledge of the treatment of Ms. Richardson by Mr. Yamamoto and Mr. Bell?

Response: Only with respect to an investigation I did sometime ago. It had to do with some procedural implications of the Counterespionage division Ms. Richardson was in. During the course of that investigation, a number of witnesses stated that there were issues going on but no one could give exact first-hand knowledge of those issues. Ms. Richardson informed me of her perceptions of the situation. I never witnessed any inappropriate behavior or statements directed to Ms. Richardson from anyone.

Do you have any reason to believe Mr. Yamamoto or Mr. Bell would have discriminated in their treatment of Ms. Richardson based on her race and sex?

Response: No.

3 of 6

Initials

13        3

*Ms. Richardson requested I speak with you about an internal investigation you conducted at Mr. Yamamoto's direction concerning the release of her personal credit information. Is that the investigation you're referencing?*

Response: Yes.

*Ms. Richardson believes the information was released by Ms. Guier or Ms. Powers. Is that what you found?*

Response: I did not find during my investigation that any information about Ms. Richardson's personal credit was released outside of the Counterespionage Division by anyone. An issue I found was that within the Counterespionage Division, employees had questions about the adjudication process of her credit, specifically who should adjudicate it given that she was the Assistant Director of the Counterespionage Division. There were allegations that someone had released information about Ms. Richardson's credit outside of the Counterespionage Division, but I found that no one could corroborate that.

*Do you have any reason to believe that Mr. Yamamoto or Mr. Bell would have counseled Ms. Richardson about poor performance, reassigned her or relocated her to an office in the Anti-Terrorism Division in reprisal for her having filed an EEO complaint?*

Response: No, I don't know of any evidence that would lead me to believe that.

*Were you aware of problems within Ms. Richardson's division?*

Response: From what Ms. Richardson told me and from the interviews I conducted during my investigation with division personnel and staff, I understood there were problems within the Counterespionage Division, but I don't believe

Initials

13      4

they were instituted or initiated by Mr. Yamamoto or Mr. Bell. In fact, the problems did not concern either Mr. Yamamoto or Mr. Bell. As far as I understood, they were internal problems between the employees in the Counterespionage Division and Ms. Richardson. I'd describe the work climate in that division as a negative environment. It was an environment of distrust and confusion. Again, as I stated, my assessment of the climate was negative. *When did you conduct your investigation?*

Response: Through the course of my investigation in June and July 2005 I interviewed a number of employees within the Counterespionage Division. *Is there anything I haven't asked about that you want to state?*

Response: No.

*Do you have any reason to believe Mr. Yamamoto or Mr. Bell would have counseled Ms. Richardson about poor performance, reassigned her and relocated her to an office in the Anti-Terrorism Division in order to force her to resign?*

Response: No.

5 of 6

Initials

13          5

I have read the above statement consisting of ___6___ pages. I declare under the penalties of perjury that my statement is true, correct and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

_____          Executed on: _December 5, 2005_
Harold L. Washington, Jr.

13    6