**EXHIBIT 16**

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

## REQUEST FOR PERSONNEL ACTION

### PART A - Requesting Office (Also Complete Part B, Items 1, 7-22, 32-33, 36, and 39.)

Actions Requested

TRANSFER to New Agency (DOE)

| | |
|---|---|
| 2. Request Number | OSY-05-068 |

3. For Additional Information Call (Name and Telephone Number)

Rachel M. Hughins, x2-3008

4. Proposed Effective Date: 06/25/05

5. Action Requested By (Typed Name, Title, Signature, and Request Date)

Parthenia Richardson, AD CED

6. Action Authorized by (Typed Name, Title, Signature, and Concurrence Date)

David Bell, Acting Dep Dir OSY     JUN 16 2005

### PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 296-33.) Show all dates in month-day-year order.

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Bodin, Michael W | | | 06/25/05 |

#### FIRST ACTION

| 5-A. Code | 5-B. Nature of Action |
|---|---|
| 5-C. Code | 5-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority |

#### SECOND ACTION

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| 6-C. Code | 6-D. Legal Authority |
| 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Security Specialist | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZA | 0080 | III | 2 | | | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFFICE OF THE SECRETARY<br>OFFICE OF CFO/ASA<br>OFFICE OF THE DIRECTOR FOR SECURITY<br>COUNTERESPIONAGE DIVISION<br><br>Personnel Security Program | |

### EMPLOYEE DATA

| 23. Veterans Preference | | | 24. Tenure | 25. Agency Use | 26. Veterans Pref for RIF |
|---|---|---|---|---|---|
| 1 - None     3 - 10-Point/Disability     5 - 10-Point/Other<br>2 - 5-Point     4 - 10-Point/Compensable     6 - 10-Point/Compensable/30% | | | 0 - None     2 - Conditional<br>1 - Permanent 3 - Indefinite<br>2 | | YES   NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | 9   NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | 05/27/94 | F   FULL TIME | |

**APPROVED OEB**

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service     3 - SES General<br>2 - Excepted Service     4 - SES Career<br>1 | E - Exempt<br>N - Nonexempt<br>N | 05/0127000/1104/ 1101 | 8888 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | Washington DC |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA  8 - Other | | |

### PART C - Reviews and Approvals (Not to be used by requesting office.)

| | 1. Office/Function | Initials/Signature | Date | | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|---|---|
| A. | | Cindy Snyder | 6/17/05 | D. | | | |
| B. | | | | E. | | '05 JUL 12 P12:20 | |
| C. | | | | F. | | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

Signature

OHR OPERATIONS RECEIVED

Approval Date

Exhibit 22  Page 19

**PART D. Remarks by Requesting Office**

(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)          ☐ YES   ☐ NO

**PART E. Employee Resignation/Retirement**

### Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address.  Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits.  Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code.  Sections 301 and 3301 authorize OPM

and agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving:  (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1.  Reasons for Resignation/Retirement (NOTE:  Your reasons are used in determining possible unemployment benefits.  Please be specific and avoid generalizations.  Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Data Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
| | | | |

**PART F. Remarks for SF 50**

Exhibit 22  Page 2v__

FORM C D-516
(1-94) UF
DAO 202--00

U.S. DEPARTMENT OF COMMERCE

# CLASSIFICATION AND
# PERFORMANCE MANAGEMENT RECORD

☐ NEW
☐ I/A: _____
MR#: _____
IP#: _____

• Performance Plan  • Performance Appraisal  — • Performance Recognition  • Progress Review  • Position Description

Employee's Name: __Michael W. Bodin__

Social Security No.: ▮▮▮▮▮▮▮

Position Title: __Security Specialist__

Pay Plan, Series, Grade/Step: __ZA-0080-III/2__

Organization:  1.  Office of the Secretary          4.  Counterespionage Division

2.  Office of the CFO/ASA          5.  Personnel Security Program

3.  Office of the Director of Security          6. _____

Rating Period: __10/01/04-09/30/05__

Covered By:  ☐ Senior Executive Service      ☐ Other _____
☑ General Workforce

## PART A—POSITION DESCRIPTION

**POSITION CERTIFICATION**—I certify that this is an accurate statement of the major duties and responsibilities of the position and its organization relationships and that the position is necessary to carry out Government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds and that false or misleading statements may constitute violation of such statute or their implementing regulations.

| SUPERVISOR'S SIGNATURE
Parthenia Richardson | DATE
6/15/05 | SECOND LEVEL SUPERVISOR
David Bell | DATE
6/14/05 |

| CLASSIFICATION CERTIFICATION | OFFICIAL TITLE: | | | | |
| | PP: | SERIES: | FUNC: | GRADE: | I/A: ☐ YES ☐ NO |

I certify that this position has been classified as required by Title 5, US Code, in conformance with standards published by the OPM or, if no published standard applies directly, consistently with the most applicable published standards.

| NAME AND TITLE OF CLASSIFIER
David Bell, Acting Deputy Director for OSY | SIGNATURE | DATE
6/14/05 |

## PART B—PERFORMANCE PLAN

This plan is an accurate statement of the work that will be the basis of the employee's performance appraisal.

| NAME AND TITLE OF FIRST LINE SUPERVISOR/RATING OFFICIAL | SIGNATURE | DATE |
| | | |

**APPROVAL**—I agree with the certification of the position description and approve the performance plan.

| NAME AND TITLE OF APPROVING OFFICIAL OR SES APPOINTING AUTHORITY | SIGNATURE | DATE |
| | | |

**EMPLOYEE ACKNOWLEDGEMENT**—My signature acknowledges discussion of the position description and receipt of the , and does not necessarily signify agreement.

| SIGNATURE | DATE |
| | |

**PRIVACY ACT STATEMENT**—Disclosure of your social security number on this form is voluntary. The number is linked with your name in the official personnel records system to ensure unique identification of your records. The social security number will be used solely to ensure accurate entry of your performance rating into the automated record system.

Exhibit 12   Page 21

# MASTER RECORD/INDIVIDUAL POSITION DATA

## A. KEY DATA

| 1. FUNCTION (1) | 2. DEPT. CD/AGCY-BUR CD (4) | 3. SON (4) | 4. MR NO (6) | 5. GRADE (2) | 6. IP NO (8) |
|---|---|---|---|---|---|
| A/C/D/MR | | | | | |

## B. MASTER RECORD

| 1. PAY PLAN (2) | 2. OCC SER (4) | 3. OCC FUNC CD (2) | 4. OFF TITLE-PF/CD/SF (6) PRFX / TITLE CD / SFX | 5. OFF TITLE (38) (32 W/ PF OR SF) (26 W/ PF AND SF) |
|---|---|---|---|---|
| | | | | |

| 6. HQ/FLD CD (1) | 7. SUPV CD (1) | 8. CLASS STD CD (1) | 9. INTERDIS CD (1) | 10. DATE CLASS (6) |
|---|---|---|---|---|
| 1=HQ  2=FLD | 1=SUPV SGEG  2=SUPV GSSG  3=MGR SGEG  4=SUPV CSRA  5=MGT CSRA  6=LDR LGEG  8=ALL OTHERS | X=NEW STD  BLANK=N/A | N=NO  Y=INTERDIS | MO / DAY / YEAR |

| 11. EARLY RET CD (1) | 12. INACT/ACT (1) | 13. DT ABOL (6) | 14. DT INACT/REACT (6) | 15. AGCY USE (10) |
|---|---|---|---|---|
| 1=PRIMARY  2=SECONDARY  3=FOREIGN SVC  BLANK=N/A | A=ACTIVE  I = INACTIVE | MO / DAY / YEAR | MO / DAY / YEAR | |

| 16. INTERDIS SERIES (40) |
|---|
| (4)  (4)  (4)  (4)  (4)  (4)  (4)  (4)  (4)  (4) |

| 17. INTERDIS-PF/CD/SF (50) (32 W/ PF OR SF) (26 W/ PF AND SF) |
|---|
| (6)  (6)  (6)  (6)  (6)  (6)  (6)  (6)  (6)  (6) |

## C. INDIVIDUAL POSITION

| 1. FLSA (1) | PAY TBL (6) | 2. FIN DS (1) | PROC INTG (1) | 3. POS SCHED (1) | 4. POS SENS (2) | 4A. DRUG TS (1) |
|---|---|---|---|---|---|---|
| E  E=EXEMPT  N=NONEXEMPT | ZA | 0  0=NONE  3=SF-278  4=SF-450 | N  Y=YES  N=NO | A=SCH A  B=SCH B  C=SCH C  0=EXCEPTED BUT NOT A,B,C | 1=LOW RISK  2=NONCRIT/SENS  3=CRIT/SENS  4=SPECIAL SENS  5=MOD RISK  6=HIGH RISK  C=ADP  N=NON-ADP | YES |

| 6. WK TITLE CD (4) | 7. WK TITLE (38) | | 5. COMP LVL (4) |
|---|---|---|---|
| | | | |

| 8. ORG STR CD (18) | | | | | | | | 9. VAC REV CD (1) |
|---|---|---|---|---|---|---|---|---|
| (1st) 51 | (2nd) 11 | (3rd) 04 | (4th) 0002 | (5th) 02 | (6th) | (7th) | (8th) | 0=POSN ACTION NO VACANCY  A=NO CHANGE  B=LOWER GRADE  C=HIGHER GRADE  D=DIFFERENT TITLE AND/OR SERIES  E=NEW POSN/NEW FTE |

| 10. TARGET GRADE (2) | 11. LANG REQ (2) | 12. PROJ DUTY IND (1) | 13. DUTY STATION (9) ST (2) / CITY (4) / CNTY (3) | 14. BUS CD (4) | 15. DT LST AUDIT (6) MO / DAY / YEAR | 16. PAS IND/LEO (1) | 17. DATE-EST (6) MO / DAY / YEAR |
|---|---|---|---|---|---|---|---|
| III/3 | | BLANK=N/A  Y=YES | 11  0010  001 | | | BLANK=N/A  1=PAS  A=LEO | |

| 18. GRADE BASIS IND (1) | 19. DT REQUEST RECD (6) MO / DAY / YEAR | 20. NTE DATE (6) MO / DAY / YEAR | 21. POS ST BUD (1) |
|---|---|---|---|
| 1=REV WHEN VACANT  2=IMPACT OF PERSON  3=SUP/GSSG  4=SUP/PROGRAM  5=RGEG  6=POLICY ANAL GEG  7=EQUIP DEV GUIDE | | | Y=PERM  N=OTHER |

| 22. MAINT REV/CLASS ACT CD (2) (1ST DIGIT=ACTIVITY AND 2ND DIGIT=RESULTS) |
|---|
| ACTIVITY  1=AUDIT (COUNTED TOWARDS MAINTENANCE REVIEW)  2=OTHER ACTIVITY   RESULTS  1=NO ACTION REQUIRED  2=MINOR PD CHANGE  3=NEW PD REQUIRED  4=TITLE CHANGE  5=SERIES CHANGE  6=PD/SN UPGRADE  7=POSN DOWNGRADE  8=NEW POSN  9=OTHER |

| 23. DATE EMP ASGN (6) MO / DAY / YEAR | 24. DATE ABOL (6) MO / DAY / YEAR | 25. DT INACT/RET (1) | 26. DATE INACT/REACT (6) MO / DAY / YEAR | 27. ACCTG STAT (4) | 28. INTASGN SER (4) | 29. AGENCY USE (8) |
|---|---|---|---|---|---|---|
| | | | | | | |

| 30. PERSONNEL MANAGEMENT SPECIALIST'S SIGNATURE | 31. DATE |
|---|---|
| | |

| 32. REMARKS |
|---|
| |

FORM CD-516   (1-94) LF   DAO 202-430

Exhibit 22 Page 22

**EXHIBIT 17**

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

# REQUEST FOR PERSONNEL ACTION

## PART A - Requesting Office (Also complete Part B, Items 1, 7-22, 32, 33, 36, and 39.)

| 1. Actions Requested |  | 2. Request Number |
|---|---|---|
| Detail NTE 30 days (7/21/2005) |  | OSY-05-071 |

| 3. For Additional Information Call (Name and Telephone Number) | 4. Proposed Effective Date |
|---|---|
| Rachel M Hughins, x23008 | 06/21/2005 |

| 5. Action Requested By (Typed Name, Title, Signature, and Request Date) | 6. Action Authorized by (Typed Name, Title, Signature, and Concurrence Date) |
|---|---|
| Parthenia Richardson, AD OED | David Bell, Acting Dep Dir OSY   6/21/05 |

## PART B - For Preparation of SF 50 (Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| King, Janice M. |  |  | 06/21/2005 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 922 | Detail NTE 7/21/05 | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| 605 | 5 USC 3341 Unclass | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SECURITY SPECIALIST | SECURITY SPECIALIST |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ZA | 0080 | III | 2 | | PA | ZA | 0080 | III | 2 | | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| OFFICE OF THE SECRETARY<br>OFFICE OF ASST SEC FOR ADMIN<br>OFFICE OF SECURITY<br>CLIENT SECURITY SERVICES DIVISION-CENSUS<br>COUNTERESPIONAGE DIVISION | OFFICE OF THE SECRETARY<br>OFFICE ASST SEC FOR ADMIN<br>OFFICE OF SECURITY<br>COUNTERESPIONAGE DIVISION |

## EMPLOYEE DATA

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Pref for RIF |
|---|---|---|---|
| 1 - None   3 - 10-Point/Disability   5 - 10-Point/Other<br>2 - 5-Point   4 - 10-Point/Compensable   6 - 10-Point/Compensable/30% | 0 - None   2 - Conditional<br>1 - Permanent   3 - Indefinite<br>**1** | | YES   NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| | 9   NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| | 05/13/82 | F   FULL TIME | |

**APPROVED**
**OEB**

## POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 - Competitive Service   3 - SES General<br>2 - Excepted Service   4 - SES Career | E - Exempt<br>N - Nonexempt<br>E | 05/0141000/1104/1101 | 7777 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 11-0010-001 | WASHINGTON DC |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA   8 - Other | | |

## PART C - Reviews and Approvals (Not to be used by requesting office.)

| | 1. Office/Function | Initials/Signature | Date | | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|---|---|
| A. | | Cindy Snyder | 6/21/05 | D. | | | |
| B. | | | | E. | | '05 JUN 23 A7:55 | |
| C. | | | | F. | | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

| Signature | Approval Date |
|---|---|
| RECEIVED<br>OHR OPERATIONS | |

CONTINUED ON REVERSE SIDE
52-118

OVER

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6239

**PART D: Remarks by Requesting Office**
(Note to Supervisors:  Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)

☐ YES   ☐ NO

E 07/21/05

No pay change during detail

**PART E  Employee Resignation/Retirement**

Privacy Act Statement

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits.  Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM

and agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving:  (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1.  Reasons for Resignation/Retirement (NOTE:  Your reasons are used in determining possible unemployment benefits.  Please be specific and avoid generalizations.  Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|---|
| | | | | |

**PART F  Remarks for SF 50**

Exhibit 22 Page 14

FORM CD-516
(1-94) LF
DAO 2 CD430

U.S. DEPARTMENT OF COMMERCE

# CLASSIFICATION AND
# PERFORMANCE MANAGEMENT RECORD

☐ NEW
☐ I/A: _____
MR#: _____
IP#: _____

• Performance Plan    • Performance Appraisal    • Performance Recognition    • Progress Review    • Position Description

Employee's Name: Janice M. King

Social Security No.: ▉▉▉▉▉

Position Title: Security Specialist

Pay Plan, Series, Grade/Step: ZA-0080-III/2

Organization: 1. OFFICE OF THE SECRETARY    4. Counterespionage Division

2. OFFICE OF THE CFO/ASA    5. _____

3. OFFICE OF SECURITY    6. _____

Rating Period: 10/01/04-09/30/05

Covered By: ☐ Senior Executive Service    ☐ Other

☑ General Workforce

## PART A—POSITION DESCRIPTION

POSITION CERTIFICATION—I certify that this is an accurate statement of the major duties and responsibilities of the position and its organization relationships and that the position is necessary to carry out Government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds and that false or misleading statements may constitute violation of such statute or their implementing regulations.

SUPERVISOR'S SIGNATURE:
Parthenia Richardson

DATE: 6/20/05

SECOND LEVEL SUPERVISOR: David Bell

DATE: 6/21/05

| CLASSIFICATION CERTIFICATION | OFFICIAL TITLE: | | | | | |
|---|---|---|---|---|---|---|
| | PP: | SERIES: | FUNC: | GRADE: | I/A: ☐ YES ☐ NO | |

I certify that this position has been classified as required by Title 5, US Code, in conformance with standards published by the OPM or, if no published standard applies directly, consistently with the most applicable published standards.

NAME AND TITLE OF CLASSIFIER

David Bell, Acting Deputy Director OSY

SIGNATURE

DATE

## PART B—PERFORMANCE PLAN

This plan is an accurate statement of the work that will be the basis of the employee's performance appraisal.

NAME AND TITLE OF FIRST LINE SUPERVISOR/RATING OFFICIAL

SIGNATURE

DATE

APPROVAL—I agree with the certification of the position description and approve the performance plan.

NAME AND TITLE OF APPROVING OFFICIAL OR SES APPOINTING AUTHORITY

SIGNATURE

DATE

EMPLOYEE ACKNOWLEDGEMENT—My signature acknowledges discussion of the position description and receipt of the plan, and does not necessarily signify agreement.

SIGNATURE

DATE

PRIVACY ACT STATEMENT—Disclosure of your social security number on this form is voluntary. The number is linked with your name in the official personnel records system to ensure unique identification of your records. The social security number will be used solely to ensure accurate entry of your performance rating into the automated record system.

Exhibit 22    Page 15

# MAST R RECORD/INDIVIDUAL POSI ON DATA

## A. KEY DATA

| 1. FUNC TION (1) | 2. DEPT. CD/AGCY-BUR CD (4) | 3. SON (4) | 4. MR NO (6) | 5. GRADE (2) | 6. IP NO (8) |
|---|---|---|---|---|---|
| AR/DA/R | | | | | |

## B. MASTER RECORD

| 1. PAY PLAN (2) | 2. OCC SER (4) | 3. OCC FUNC CD (2) | 4. OFF TLE-PF/CD/SF (6) PFIX  TITLE CD  SFIX | 5. OFF TITLE (38) (32 W/ PF OR SF) (26 W/ PF AND SF) |
|---|---|---|---|---|
| | | | | |

| 6. HQ/FLD CD (1) 1=HQ 2=FLD | 7. SUPV CD (1) 1=SUPV SGEG  5=MGT CSRA 2=SUPV GSSG  6=LDR LGEG 3=MGR SGEG  8=ALL OTHERS 4=SUPV CSRA | 8. CLASS STD CD (1) X=NEW STD BLANK=N/A | 9. INTERDIS CD (1) N=NO Y=INTERDIS | 10. DATE CLASS (6) MO   DAY   YEAR |
|---|---|---|---|---|
| | | | | |

| 11. EARLY RET CD (1) 1=PRIMARY  3=FOREIGN SVC 2=SECONDARY  BLANK=N/A | 12. INACT/ACT (1) A=ACTIVE I = INACTIVE | 13. DT ABOL (6) MO  DAY  YEAR | 14. DT INACT/REACT (6) MO  DAY  YEAR | 15. AGCY USE (10) |
|---|---|---|---|---|
| | | | | |

16. INTERDIS SERIES (40)

| (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) | (4) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

17. INTERDIS-PF/CD/SF (50) (32 W/ PF OR SF) (26 W/ PF AND SF)

| (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

## C. INDIVIDUAL POSITION

| 1. FLSA (1) E=EXEMPT N=NONEXEMPT | PAY TBL (6) | 2. FIN DS (1) 0=NONE 3=SF-278 4=SF-450 | PROC INTG (1) Y=YES N=NO | 3. POS SCHED (1) A=SCH A  0=EXCEPTED B=SCH B  BUT NOT C=SCH C  A,B,C | 4. POS SENS (2) 1=LOW RISK  C=ADP 2=NONCRIT/SENS  N=NON-ADP 3=CRIT/SENS 4=SPECIAL SENS 5=MOD RISK 6=HIGH RISK | 4A. DRUG TS (1) yes |
|---|---|---|---|---|---|---|
| E | 4 | | n | | 3 | |

| 6. WK TITLE CD (4) | 7. WK TITLE (38) | | | | 5. COMP LVL (4) |
|---|---|---|---|---|---|
| | | | | | |

| 8. ORG STR CD (18) | | | | | | | | 9. VAC REV CD (1) 0=POSN ACTION  B=LOWER GRADE  D=DIFFERENT TITLE NO VACANCY  AND/OR SERIES A=NO CHANGE  C=HIGHER GRADE  E=NEW POSN/NEW FTE |
|---|---|---|---|---|---|---|---|---|
| (1st) 51 | (2nd) 11 | (3rd) 04 | (4th) 0004 | (5th) 03 | (6th) | (7th) | (8th) | |

| 10. TARGET GRADE (2) III/3 | 11. LANG REQ (2) | 12. PROJ DUTY IND (1) BLANK=N/O Y=YES | 13. DUTY STATION (9) ST (2) 24  CITY (4) 1450  CNTY (3) 031 | 14. BUS CD (4) | 15. DT LST AUDIT (6) MO  DAY  YEAR | 16. PAS IND/LEO (1) BLANK=N/A 1=PAS A=LEO | 17. DATE-EST (6) MO  DAY  YEAR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 18. GRADE BASIS IND (1) 1=REV WHEN VACANT  4=SUP/PROGRAM  7=EQUIP DEV GUIDE 2=IMPACT OF PERSON  5=RGEG 3=SUPGSSG  6=POLICY ANAL GEG | 19. DT REQUEST RECD (6) MO  DAY  YEAR | 20. NTE DATE (6) MO  DAY  YEAR | 21. POS ST BUD (1) Y=PERM N=OTHER |
|---|---|---|---|
| | | | |

22. MAINT REV/CLASS ACT CD (2) (1ST DIGIT=ACTIVITY AND 2ND DIGIT=RESULTS)

| ACTIVITY 1=AUDIT (COUNTED TOWARDS MAINTENANCE REVIEW) 2=OTHER ACTIVITY | RESULTS 1=NO ACTION REQUIRED  4=TITLE CHANGE  7=POSN DOWNGRADE 2=MINOR PD CHANGE  5=SERIES CHANGE  8=NEW POSN 3=NEW PD REQUIRED  6=POSN UPGRADE  9=OTHER |
|---|---|
| | |

| 23. DATE EMP ASGN (6) MO  DAY  YEAR | 24. DATE ABOL (6) MO  DAY  YEAR | 25. INACT/ACT (1) A=ACTIVE I = INACTIVE | 26. DATE INACT/REACT (6) MO  DAY  YEAR | 27. ACCTG STAT (4) | 28. INTASGN SER (4) | 29. AGENCY USE (8) |
|---|---|---|---|---|---|---|
| | | | | | | |

| 30. PERSONNEL MANAGEMENT SPECIALIST'S SIGNATURE | 31. DATE |
|---|---|
| | |

32. REMARKS

FORM **CD-516**  (1-94) LF  DAO 202-430

Exhibit 22 Page 16

# Position Description

**AC#**   511120040780

**Preparation date:** 3/3/2004

**Validate:** NO

**Org:**   OFFICE OF THE SECRETARY

**Div:**   OFF ASST SEC FOR ADMIN

**Incumbent Name:**   King, Janice M

**Career Path:** ZA   **Series:** 0080       **Band** 3

**Title:**   Security Specialist

**Function:**

No specific function defined for this position.

**Principal Objective:**

To assist immediate supervisors and other senior security specialists on a variety of matters critical to a bureau/regional security office.

**Series Definition:**

Performs analytical, planning or advisory work to develop and evaluate policies and procedures that protect personnel, property, and critical assets/information from loss including acts of espionage or terrorism.

**General Duties and Responsibilities:**

Exercises responsibility as an independent specialist for planning, coordinating, and performing a recognized administrative or management function, and for analyzing and advising on changes in policies and resources that affect program objectives, receiving supervisory direction on policies, objectives, and results, and consulting with the supervisor on priorities and unusual situations; or serves as principal administrative officer for a large and complex division or office.

**Knowledge, Skills, and Abilities:**

Full-performance-level knowledge of the principles, practices, and procedures of a field of administration or management; comprehensive and detailed knowledge and understanding of a recognized organizational administrative or management function, including policies, precedents, and procedures; ability to apply this knowledge to achieve administrative or program objectives; ability to identify problems, propose solutions, and defend recommendations, and ability to write and communicate clear guidelines.

**Incumbent's Supervisory Responsibilties:**

Employee does not meet supervisor titling criteria.

**Specialty Description:**

Exhibit 2-2  Page 17

008010 Personnel Security
Safeguards information or material affecting the national defense and national security from unauthorized disclosure or sabotage primarily through the receipt and review of requests for investigations, the conduct of investigations, and the analysis and evaluation of completed investigative reports for the purpose of ensuring that access to classified information by personnel is consistent with national security.

008014 Information Security Specialist
Performs work concerned with identifying materials, processes, and information that require protection and recommending the level of security classification and other protections required. This work also includes the coordination necessary to identify items of information, technology, and materials that are restricted from transfer to foreign nations.

**Position-Specific Key Phrases:**

At bureau/reg sec office, primary duties incl focusing on personnel sec & information sec activ, especially as related to regulatory compliance w/ Titles 13&26 safeguard requirements. M'tains elig for TS clearance.

**Position Requirements:**

There are no special requirements for this position.

**Position Sensitivity:**

This is a Critical sensitive position.

Exhibit 22 Page 13

**EXHIBIT 18**

**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer and**
  **Assistant Secretary for Administration**
Washington, D.C. 20230

August 31, 2005

MEMORANDUM FOR   Susan Thomas
                 Acting Chief, Compliance Division
                 Office of Civil Rights

FROM:            Bernadette M. Worthy
                 Equal Employment Opportunity Officer
                 Office of the Secretary

SUBJECT:         Report of Counseling Activity
                 **Parthenia Richardson**
                 **05-51-00166**

The following are the Equal Employment Opportunity (EEO) counseling activities report and related
information for the formal complaint of race, sex discrimination and retaliation filed by Parthenia
Richardson, an employee of the Office of Security (OSY), Office of the Secretary.


## A.  INFORMATION ABOUT COMPLAINANT

ADDRESS:      12604 Windbrook Drive
              Clinton, MD 20735


## B.  INFORMATION ABOUT COMPLAINT

| | |
|---|---|
| INITIAL CONTACT: | 06/20/05 |
| ADR REQUESTED: | 06/20/05 |
| ADR TERMINATED: | 07/06/05 |
| RIGHTS & RESPONSIBILITIES: | 07/22/05 |
| RIGHT TO FILE ISSUED: | 07/22/05 (*See*, **TAB A**) |
| RIGHT TO FILE REC'D: | 07/27/05 |
| COMPLAINT FILED: | 08/08/05 |


## C.  BACKGROUND

On June 6, 2005, Parthenia Richardson, Assistant Director for Counter Espionage, OSY, contacted me
with her concerns of workplace discrimination.  Specifically, she indicated that because of her race (Black)
and gender, she was being subjected to a pattern of discriminatory treatment by Richard Yamamoto,
Director, OSY.  Specifically, Ms. Richardson alleged that:

1.    Yamamoto does not support her decisions as a supervisor.  Rather, he challenges all her
      employment actions, despite her obtaining guidance from the Office of Human Resources
      Management and the Office of General Counsel.

2.    Yamamoto has taken away her ability to make supervisory decisions, including selections.  Ms.
      Richardson noted that after she had made a selection for a Personnel Security Specialist
      position, she later informed that OSY policy required her to convene a panel.  Prior to this, she
      received no guidance on filling a vacancy within her organization.

2          1

3.  She is the only GS-15 manager in the organization required to meet with Yamamoto individually on a weekly basis for 30 minutes to discuss her supervisory decisions. Ms. Richardson noted that her white male counterparts are not required, to her knowledge, to be micro-managed in this way.

4.  Yamamoto fails to provide her any positive feedback. Ms. Richardson noted that Yamamoto has received positive feedback from two major clients, ITA and BIS and he has not passed them on to her, or openly acknowledged her contributions to the organization.

5.  Yamamoto undermines her authority with her staff by allowing them to come to him directly with concerns and taking their side of a controversy without first obtaining her rationale for her employment decisions/actions.

6.  Yamamoto allows her male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7.  Yamamoto regards her with hostility and openly challenges any statements she makes in staff meetings or other open forums.

8.  On June 1, 2005, Yamamoto told her he did not have any confidence in her or her ability to manage her staff, nor does her co-workers and employees. He added that he had received outstanding recommendations from previous supervisors and was excited about her coming onboard but now he has doubts. He also stated he has no more "blue chips" available he has used them all up.

**Requested Remedies**:
During the initial counseling meeting, Ms. Richardson requests the following to resolve these matters:

1.  To be allowed to perform the duties she was hired to accomplish in a respectful, supportive environment; or

2.  Approval of a reasonable amount of time to locate employment with another organization; and

3.  A statement of the work performed for OSY in the period February 22, 2005 to the present.

Later in the informal process, on July 28th, Ms. Richardson requested a detail outside of OSY due to allegations of retaliation and a hostile work environment

## D.    AGENCY CONTACT AND RESOLUTION EFFORTS

On June 20, 2005, Ms. Richardson requested alternative dispute resolution (ADR) to resolve her concerns. On this same date, I notified Mr. Yamamoto of her concerns and request for ADR. On June 27, 2005, Mr. Yamamoto acknowledged the request and referred me to David Bell, Ms. Richardson's second level supervisor, to discuss possible resolution.

On July 5, 2005, OSY authorized me to offer Ms. Richardson an offer of resolution. The electronic message transmitting this offer is included at TAB C. However, the terms of the offer are not included to protect the confidentiality of settlement negotiations.

On July 6, 2005, Ms. Richardson declined the Agency's offer of resolution and requested to move forward with the EEO process. I requested that the Agency provide responses to Ms. Richardson's concerns. However, as of the filing of this report, they have not been received.

2        2

### E.    ADDITIONAL CONCERNS OF RETALIATION

On July 11, 2005, Ms. Richardson informed me that she believed she had been subjected to discriminatory actions for her participation in the EEO process and for declining the Agency's offer of resolution. Specifically, she noted the following allegations of reprisal:

9.    On July 11, 2005, Dave Bell, Deputy Director, OSY, informed her that effective July 12, 2005, she was temporarily reassigned from her position as Assistant Director for Counter Espionage, for a period of four months. She noted that initially she was not given any specific duties for the detail period.

10.    Tom deSeve, a white male counterpart, was reassigned to assume her responsibilities.

11.    Despite Mr. deSeve already having an office nearby, she was told to move out of her office because he would be moving into it. She noted that when Linda Guier and Susan Powers, two white females, GS-14 managers, were temporarily reassigned from under her supervision, Mr. Yamamoto, or Mr. Bell did not require them to relocate.

12.    She was assigned the duties previously assigned to a GS-12 employee while on detail to unspecified duties.

13.    David Bell routinely e-mailed her regarding work assignments and imposed deadlines while she was on Agency approved sick leave[1].

On July 28, 2008, Ms. Richardson set out additional allegations of retaliation. This information is included at TAB A. She noted the following concerns:

14.    One week after declining the proposed remedies she was relieved from her position as Assistant Director of Counterespionage Division for a period of 120 days. However, she was told to vacate her office and was moved to a workspace where GS-14 employees had better accommodations.

15.    She was cut off normal Office of Security e-mail distribution which would make it impossible to carry out any assignments.

16.    She was told by then Acting Deputy Director Dave Bell that she would be his special projects person with duties to follow. He also gave her a mid-year counseling that was less than favorable stating things that were far from reality.

At this time, Ms. Richardson requested a detail outside the OSY because she believed this would lessen the chances of continued retaliation and hostile work environment.

### F.    TERMINATION OF COUNSELING

On July 6th, Ms. Richardson requested to terminate the informal counseling process. I issued her a Notice of Right to File a Formal Complaint via certified mail on July 22, 2005. Ms. Richardson received this Notice on July 27, 2005, and filed the instant complaint with the Office of Civil Rights on August 8, 2005.

### G.    LIST OF ATTACHMENTS

--------

[1]    On July 22, 2005, Ms. Richardson informed me that she had surgery on July 19, 2005, and was not scheduled to return to work until August 8, 2005.

2        3

| ATTACHMENT | DESCRIPTION | SOURCE |
|---|---|---|
| TAB A | **Counseling Information** | |
| | Notice of Right to File | Counselor |
| | Rights & Responsibilities | Counselor |
| | Initial Contact | |
| | Additional Allegations | |
| TAB B | **Agency Contact & Response** | Counselor |
| TAB C | **Resolution Efforts** | Counselor |
| TAB D | **Background Information** | Counselee |

2        4

# INITIAL CONTACT & SUBSEQUENT INFORMATION

2    5



Parthenia
Richardson/HCHB/Osnet

08/08/2005 08:31 AM

- To   Bernadette M Worthy/HCHB/Osnet@osnet

cc

bcc

Subject   Formal Complaint

Good morning Bonnie -

I left my formal complaint with your intern this morning, I am at work today and available if you need to discuss.

Sincerely,

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

2    6

_Parthenia Richardson_          _Sarah Steck_
Client Name                          Counselor Name

## Consent to Release Information

1.    I, _Parthenia Richardson_, hereby authorize:

2.    Name of person or agency making disclosure and/or requesting information

_____

3.    Name of people or organization to whom disclosure will be made and/or with whom information will be exchanged:

_Otto Wolf    Maxine Woodland    Health Uni_
_Jay Jamieson    Bonnie Worthy    John Gunter_

4.    Purpose of the disclosure:
           _info exchange_

5.    Information to be exchanged:
           _relevant info re situation_

6.    I understand that this consent can be revoked at any time and that consent will automatically expire on _when agreed_

_Parthenia Richardson_                    _8/10/05_
Client Signature                              Date

_Sarah B Steck_                              _8-10-05_
Witness Signature                            Date

**This information being disclosed to you is from records protected by Federal Confidentiality rules. All matters relating to the counseling process are considered privileged and confidential and are treated as such by employees of this agency. This is in compliance with section 2.31 of Public law 93-282, 43 CFR, Part I. Further, these regulations prohibit the receiver of this information from making further disclosures without written consent of the person to whom it pertains. A general authorization for the release of medical or other information is not sufficient for this purpose.**

2        7



Parthenia
Richardson/HCHB/Osnet
07/28/2005 12:28 PM

To  Bernadette M Worthy/HCHB/Osnet@osnet
cc
bcc
Subject  Re: Retaliation

Thank you I will have it back to you by Monday, August 2, 2005.

Sincerely,

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
W: (202) 482-1408/C: (240) 476-5218
    Bernadette M Worthy

> **From:** Bernadette M Worthy
> **Sent:** 07/28/2005 12:26 PM
> **To:** Parthenia Richardson
> **Cc:** partheniarichardson@verizon.net
> **Subject:** Re: Retaliation

Please include your additional concerns of retaliation when you file your formal complaint. You can also add the remedy of a detail outside of OSY in your complaint. However, I must note that only OSY can grant this to you. The Office of Civil Rights (OCR) cannot unilaterally grant this remedy/request. You may want to put this request to Mr. Yamamoto for consideration.

I will note the additional concerns raised in this e-mail in the report I am required to prepare when you file a formal complaint. Please note that to be timely filed, your formal complaint must be filed with OCR within 15 calendar days from your receipt of the package I sent you.

Take care,
BMW

Parthenia Richardson/HCHB/Osnet



Parthenia
Richardson/HCHB/Osnet
07/28/2005 11:40 AM

To  "Bernadette Worthy" <BWorthy@doc.gov>,
    partheniarichardson@verizon.net
cc
Subject  Retaliation

Bonnie -

I believe I am the victim of retaliation as a result of my filing an EEO complaint against the Director of Security, Richard Yamamoto.

As you are aware I filed an EEO complaint against him which resulted in his proposed remedies that I declined.

2    8

A week after (7/11/05) declining the proposed remedies I was relieved from my position as Assistant Director of Counterespionage Division for what I was told for a period of 120 days, told to vacate my office and moved to a workspace that GS14 employees had better accommodations.

I have been cut off normal Office of Security email distribution which would make it impossible to carryout any assignments I maybe assigned.

I was told by the Acting Deputy Director Dave Bell that I would be his special projects person with duties to follow. He also gave me a mid-year counseling that was less than favorable stating things that were far from reality.

While I am in the process of filing a formal EEO complaint I would like to request a detail outside the Office of Security to lessen the chances for continued retaliation and hostitle work environment.

Any assistance is greatly appreciated.

Sincerely,

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
W: (202) 482-1408/C: (240) 476-5218

2    9



**Parthenia
Richardson/HCHB/Osnet**

06/20/2005 12:20 PM

To  Bernadette M Worthy/HCHB/Osnet@osnet

cc

bcc

Subject  Re: Summary of Concerns & Remedies

History:          ✉ This message has been replied to.

Yes

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

2    10

 **Bernadette M Worthy/HCHB/Osnet**
06/20/2005 12:07 PM

To  Parthenia Richardson/HCHB/Osnet
cc
bcc
Subject  Re: Summary of Concerns & Remedies

Thanks for your quick response. Are you interested in ADR/mediation to address these concerns?
BMW

Parthenia Richardson/HCHB/Osnet

 **Parthenia Richardson/HCHB/Osnet**
06/20/2005 12:00 PM

To  Bernadette M Worthy/HCHB/Osnet@osnet
cc
Subject  Re: Summary of Concerns & Remedies

Bonnie -

Thank you for taking the time to meet with me today, here are some minor changes indicated below.

Sincerely,

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

Bernadette M Worthy/HCHB/Osnet

**Bernadette M Worthy/HCHB/Osnet**
06/20/2005 11:41 AM

To  Parthenia Richardson/HCHB/Osnet@osnet
cc
Subject  Summary of Concerns & Remedies

Good morning Parthenia,

Based on our meeting this morning, I have summarized your concerns and requested remedies as set out below. Please review the information and make any necessary changes. Also, I would also like you to consider mediation or alternative dispute resolution (ADR) to address these matters. Attached to this e-mail is an employee booklet on mediation that you may find helpful. If you would like to read more about the ADR process, please visit the OCR website at http://www.osec.doc.gov/ocr/adr.html.

2    11

Once I receive your feedback, I will proceed with notifying Mr. Yamamoto of your concerns and remedies. I look forward to working with you and hopefully resolving these issues to the mutual satisfaction of all parties. Please do not hesitate to contact me if you have any questions.

BMW

Summary of Concerns:

Parthenia Richardson, Assistant Director for Counter Espionage, Office of Security (OSY), contends that because of her race (Black) and gender, she is being subjected to a pattern of discriminatory treatment by Richard Yamamoto, Director, OSY. Specifically, Ms. Richardson alleges that:

1.    Yamamoto does not support her decisions as a supervisor. Rather, he challenges all her employment actions, despite her obtaining guidance from the Office of Human Resources Management and the Office of General Counsel.

2.    Yamamoto has taken away her ability to make supervisory decisions, including selections. Ms. Richardson noted that after she had made a selection for a Personnel Security Specialist position, she later informed that OSY policy required her to convene a panel. Prior to this, she received no guidance on filling a vacancy within her organization.

3.    She is the only GS-15 manager in the organization required to meet with Yamamoto individually on a weekly basis for 30 minutes to discuss her supervisory decisions. Ms. Richardson noted that her white male counterparts are not required, to her knowledge, to be micro-managed in this way.

4.    Yamamoto fails to provide her any positive feedback. Ms. Richardson noted that Yamamoto has received positive feedback from two major clients, ITA and BIS and he has not passed them on    to her, or openly acknowledged her contributions to the organization.

5.    Yamamoto undermines her authority with her staff by allowing them to come to him directly with concerns and taking their side of a controversy without first obtaining her rationale for her employment decisions/actions.

6.    Yamamoto allows her male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7.    Yamamoto regards her with hostility and openly challenges any statements she makes in staff meetings or other open forums.

8.    On June 1, 2005, Yamamoto told her he did not have any confidence in her or her ability to manage her staff, nor does her co-workers and employees. He added that he had received outstanding recommendations from previous supervisors and was excited about her coming onboard but now he has doubts. He also stated he has no more "blue chips" available he used them all up.

Requested Remedies:
To resolve these matters in the informal EEO process, Ms. Richardson requests the following:

1.    To be allowed to perform the duties she was hired to accomplish in a respectful, supportive environment; or

2.    Approval of a reasonable amount of time to locate employment with another organization; and

3.    A statement of the work performed for OSY in the period February 22, 2005 to the present.

2    12



mediation employee booklet.doc

2       13

# TAB A

## COUNSELING NOTICES

2    14

# RIGHTS & RESPONSIBILITIES

2    15

## EQUAL EMPLOYMENT OPPORTUNITY COMPLAINT PROCESS
### NOTICE OF RIGHTS AND RESPONSIBILITIES

Effective November 9, 1999, the Equal Employment Opportunity Commission's (EEOC) regulations governing the processing of complaints of employment discrimination by federal applicants and employees was revised. Your rights and responsibilities under the revised regulations include the following:.

a.  The EEOC's revised regulations require that agencies establish or make available an ADR program beginning January 1, 2000. When the EEO office has determined that ADR is an appropriate option for your dispute, you have a right to *be offered* ADR, *in lieu of* EEO Counseling, early in the Informal or Pre-complaint stage, or to *be offered* ADR during the Formal Complaint stage, *if you did not elect it during the informal stage.*

b.  You may find the ADR process to be a faster, more productive, and more rewarding process for resolving your dispute. ADR, which is designed to cut the time and cost of traditional administrative and legal procedures, relies on the use of a neutral third party to help disputants find mutually-acceptable solutions. Consequently, the dispute resolution rate when using ADR is greatly enhanced.

c.  When offered ADR, you have the responsibility to sign a Mediation Election form, indicating your decision to ELECT, or NOT ELECT, ADR. *NOTE: If you decline ADR at the time it is offered, you still have the option to elect it at a later time, provided the date of election permits sufficient time to arrange and conduct a mediation session within the time limits imposed by EEOC regulations.*

d.  You have a right to representation of your choice throughout the complaint process, including the counseling stage or during the ADR mediation, as applicable. The EEO counselor, or ADR mediator, is not an advocate for either the aggrieved person or the agency.

e.  You have the right to confidentiality of all discussions in mediation; statements made in the mediation session/s may not be used as evidence in a formal complaint.

f.  You have a responsibility to enter into any mediation in good faith, and to contribute creative solutions which might resolve the dispute.

g.  Prior to filing a formal complaint, you have a right to anonymity.

h.  You have the right to pursue formal complaint processing, including administrative and court action, should you wish to discontinue the mediation process or are unable to reach a settlement through ADR.

i.  You may be required to choose between a negotiated grievance procedure and the EEO complaint procedure. Consult your EEO Counselor for clarification.

j.  You may be required to choose between the EEO complaint procedure and an appeal to the Merit System Protection Board (MSPB). Consult your EEO Counselor for clarification.

k.  Should you wish to file a formal complaint at the conclusion of counseling or ADR, if a settlement is not reached, you are required to file the formal complaint within 15 calendar days of receipt of the Counselor's Notice of Right to File memorandum.

Counselee's Initials: _____    Date Received: 8/8/05

*Effective 7/01*

2    16

l.    You may file a notice of intent to sue and file a lawsuit under the Age Discrimination in Employment Act (ADEA) instead of an administrative complaint of age discrimination when age is alleged as a basis, pursuant to 29 C.F.R. §1614.201(a).

m.    You have a right to go directly to a court of competent jurisdiction on claims of sex-based wage discrimination under the Equal Pay Act even though such claims are also cognizable under Title VII of the Civil Rights Act.

n.    You have a right to request a hearing before an EEOC Administrative Judge (except in a mixed case) after completion of the investigation or 180 calendar days from the filing of a formal complaint, whichever comes first.  Your request should be made directly to the appropriate EEOC office, and you must notify the responding agency of your hearing request.  Consult the EEO Counselor, or the Department's Office of Civil Rights, for information on where a request for a hearing and notice to the agency should be sent.

o.    You have a right to an immediate final decision after an investigation by the agency in accordance with 29 C.F.R. §1614.108(f).

p.    You have a right to go to U.S. District Court 180 calendar days after filing a formal complaint if no final action has been taken on the complaint, or 180 days after filing an appeal if no decision has been issued on the appeal.

q.    You must mitigate damages, i.e., you must look for other appropriate employment and you must seek treatment for any injury you claim.

r.    You must keep the agency and EEOC informed of your current mailing address and serve copies of hearing requests and appeal papers on the agency.

s.    Where counseling is selected and a settlement has not been reached, you have a right to receive in writing, *within 30 calendar days of the first counseling contact (unless you agree in writing to an extension)*, a notice terminating counseling and informing you of:

    1.    the right to file a formal individual or class complaint within 15 calendar days of receipt of the notice,

    2.    the appropriate official with whom to file a formal complaint, and

    3.    your duty to immediately inform the agency if you retain counsel or a representative.

t.    Where ADR is selected and a settlement has not been reached, you have a right to receive in writing, *upon completion of the mediation or within ninety (90) calendar days of the first contact with the EEO Counselor, whichever is earlier*, the notice terminating counseling, as described in Item t above.

u.    Only claims raised at the counseling stage or claims that are like or related to them may be the subject of a formal complaint, or an amendment to a complaint after it has been filed.

v.    Your rejection of an agency's offer of resolution made pursuant to 29 C.F.R. §1614.109(c) may limit the amount of attorney's fees or costs you can recover.

w.    If you have filed two or more complaints, the agency must consolidate them after appropriate notice to you.  29 C.F.R. §1614.606.  When a complaint has been consolidated with one or more earlier complaints, the agency shall complete its investigation within the earlier of 180 days after the filing of the last complaint or 360 days after the filing of the first complaint.

Counselee's Initials: _____    Date Received: 8/8/05 _____

*Effective 7/01*

2        17

# NOTICE OF RIGHT TO FILE

2        18

**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer and**
**Assistant Secretary for Administration**
Washington, D.C. 20230

July 22, 2005

MEMORANDUM FOR  **Parthenia Richardson**

FROM:           Bernadette M. Worthy
                Equal Employment Opportunity Officer

SUBJECT:        **Notice of Right to File within 15 Calendar Days**

On June 20, 2005, you initially contacted the Office of Civil Rights with your concerns of workplace discrimination. Specifically, you contend that because of your race (Black) and gender, you were subjected to a pattern of discriminatory treatment by Richard Yamamoto, Director, OSY, when:

1.  Yamamoto does not support your decisions as a supervisor. Rather, he challenges all your employment actions, despite you obtaining guidance from the Office of Human Resources Management and the Office of General Counsel.

2.  Yamamoto has taken away your ability to make supervisory decisions, including selections. You noted that after making a selection for a Personnel Security Specialist position, you were later informed that OSY policy required you to convene a panel. Prior to this, you received no guidance on filling a vacancy within your organization.

3.  You are the only GS-15 manager in the organization required to meet with Yamamoto individually on a weekly basis for 30 minutes to discuss your supervisory decisions. You note that your white male counterparts are not required, to your knowledge, to be micro-managed in this way.

4.  Yamamoto fails to provide you with any positive feedback. You noted that Yamamoto has received positive feedback from two major clients, ITA and BIS and he has not passed them on to you, or openly acknowledged your contributions to the organization.

5.  Yamamoto undermines your authority with staff by allowing them to come to him directly with concerns and taking their side of a controversy without first obtaining your rationale for employment decisions/actions.

6.  Yamamoto allows your male counterparts and subordinate staff to communicate with you in a disrespectful and condescending manner.

7.  Yamamoto regards you with hostility and openly challenges any statements you make in staff meetings or other open forums.

8.  On June 1, 2005, Yamamoto told you that he, your colleagues and your staff did not have any confidence in you or your ability to manage. He added that he had received outstanding recommendations from previous supervisors and was excited about you coming onboard but now he has doubts. He also stated he has no more "blue chips" available he has used them all up.

In addition, on July 14, 2005, you raised additional concerns of workplace retaliation for bringing your

2          19

concerns in the EEO process. Specifically, you indicated that:

9.    On July 11, 2005, Dave Bell, Deputy Director, OSY, informed her that effective July 12, 2005, she was temporarily reassigned from her position as Assistant Director for Counter Espionage, for a period of four months. You noted that you were not given any specific duties for the detail period.

10.   Tom deSeve, a white male counterpart, was reassigned to assume her responsibilities.

11.   Despite Mr. DeSeve already having an office nearby, you were told to move out of your office because he would be moving into it. You noted that when Linda Guier and Susan Powers, two white females, GS-14 managers, were temporarily reassigned from under your supervision, Mr. Yamamoto, or Mr. Bell did not require them to relocate.

You requested alternative dispute resolution (ADR) to resolve your concerns. However, ADR efforts ended without a mutual agreement being reached on July 6, 2005. Therefore, in accordance with Equal Employment Opportunity Commission regulations, you have the following rights in this matter. Please note that this Notice does not require you to file a formal complaint. However, it provides you with your rights should you choose to do so.

> You have the right to file an individual or class-based discrimination complaint based on race, color, religion, sex, national origin, disability, age, and or reprisal. If you file a complaint, it must be in writing; signed, and filed within fifteen (15) calendar days after receipt of this notice. You may use the attached Complaint Form CD-498, or write a letter containing the same information.

The complaint must be specific and contain only those issues either specifically discussed with me or issues that are like or related to the issues discussed with me. It must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit System Protection Board on the same claims. If you file a formal complaint, you should sent it to **one** of the following persons authorized to receive discrimination complaints:

> Suzan J. Aramaki
> Director of Civil Rights, Room 6012 HCHB
> U. S. Department of Commerce
> Washington, DC 20230
>
> *or*
>
> Susan Thomas
> Acting Chief, Compliance Division, Room 6012 HCHB
> U.S. Department of Commerce
> Washington, DC 20230

A complaint will be timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration date of the filing period. If you file a formal complaint of discrimination, please inform the Office of Civil Rights, immediately if you retain counsel or a representative, and provide the name, address, and phone number of such counsel or representative.

Also included with this Notice is a statement of your rights and responsibilities in the EEO complaint process. If you have any questions regarding this notice or your rights in the formal complaint process, please contact me on (202) 482-8121.

Attachments

2          2○



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₅

**O F F I C I A L   U S E**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Reciept Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |

**Parthenia Richardson**
**12604 Windbrook Drive**
**Clinton, Maryland 20735**

PS Form 3800, June 2002          See Reverse for Instructions

7003 3110 0002 8196 8788

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Parthenia Richardson   7/27/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JUL 27 2005

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
7003 3110 0002 8196 8788

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

2   21

# TAB B

# AGENCY CONTACT & RESPONSE

2      22



Bernadette M
Worthy/HCHB/Osnet
07/22/2005 12:11 PM

To  Richard Yamamoto/HCHB/Osnet@osnet

cc  John Guenther/HCHB/Osnet@osnet

bcc

Subject  Fw: EEO Contact & Request for Mediation

Good morning Mr. Yamamoto,

Please note that Ms. Richardson has raised additional concerns of retaliation with my office. They are set out below. When submitting your response to Ms. Richardson's original concerns, please provide a response to these concerns as well.  If a formal complaint is filed, your responses will be incorporated into the record in this case.

Thank you for your patience and cooperation in tis matter.

BMW

Additional Allegations:
Ms. Richardson alleges that the following actions are retaliation for her informal EEO complaint:

9.      On July 11, 2005, Dave Bell, Deputy Director, OSY, informed her that effective July 12, 2005, she was temporarily reassigned from her position as Assistant Director for Counter Espionage, for a period of four months. You noted that you were not given any specific duties for the detail period.

10.     Tom deSeve, a white male counterpart, was reassigned to assume her responsibilities.

11.     Despite Mr. deSeve already having an office nearby, you were told to move out of your office because he would be moving into it. You noted that when Linda Guier and Susan Powers, two white females, GS-14 managers, were temporarily reassigned from under your supervision, Mr. Yamamoto, or Mr. Bell did not require them to relocate.

—— Forwarded by Bernadette M Worthy/HCHB/Osnet on 07/22/2005 12:00 PM ——



Bernadette M
Worthy/HCHB/Osnet
06/20/2005 12:32 PM

To  Richard Yamamoto/HCHB/Osnet

cc

Subject  EEO Contact & Request for Mediation

Good afternoon Mr. Yamamoto,

I have been contacted by **Parthenia** Richardson, an employee in your organization, with her concerns of workplace discrimination.

The Equal Employment Opportunity (EEO) complaint process is comprised of two parts: the informal counseling and the formal complaint stage. Ms. Richardson is at the *informal*  counseling or pre-complaint stage of the process.  The primary focus of the informal process is to seek resolution of the concerns. The Office of Civil Rights (OCR) offers employees the option of pursuing mediation of their EEO concerns.  Ms. Richardson has elected this option.  Included with this message is a summary of her concerns and requested remedies.

Please let me know who will be designated to participate in this process on behalf of your office.  In your consideration of this matter, note that mediation offers the opportunity to:

- open up lines communication, facilitated by a certified, neutral experienced mediator(s). Our mediators are not DOC employees.

- clear up any misunderstandings before more formal, timely, and costly adversarial measures are undertaken;

- utilize creative problem-solving to address workplace issues;

- be actively involved in the resolution of employees' concerns, rather than having the intervention of a third party forum,
  such as the formal EEO complaint process; and

- promote positive working relations.

Whether the mediation process is a "success" depends entirely upon the parties.   Mediation focuses on "mutual" agreement. If you need additional information about mediation or the Alternative Dispute Resolution Process, you can visit the OCR Website at http://www.doc.gov/ocr. Additionally, you can consult with Brian diGiacomo, Office of General Counsel, for assistance. He can be reached on 482-5017. I will also be glad to meet with you to discuss mediation and answer any questions you may have on this process.

I look forward to your cooperation and assistance in this matter. Please do not hesitate to contact me if I can be of any assistance in responding to this request

Bonnie Worthy
EEO Officer, Office of the Secretary
Office of Civil Rights
(202) 482-8121

_____

Summary of Concerns:
Parthenia Richardson, Assistant Director for Counter Espionage, Office of Security (OSY), contends that because of her race (Black) and gender, she is being subjected to a pattern of discriminatory treatment by Richard Yamamoto, Director, OSY.  Specifically, Ms. Richardson alleges that:

1.    Yamamoto does not support her decisions as a supervisor.  Rather, he challenges all her employment actions, despite her obtaining guidance from the Office of Human Resources
      Management and the Office of General Counsel.

2.    Yamamoto has taken away her ability to make supervisory decisions, including selections. Ms. Richardson noted that after she had made a selection for a Personnel Security Specialist
position, she later informed that OSY policy required her to convene a panel. Prior to this, she received no guidance on filling a vacancy within her organization.

3.    She is the only GS-15 manager in the organization required to meet with Yamamoto individually on a weekly basis for 30 minutes to discuss her supervisory decisions. Ms. Richardson noted that
      her white male counterparts are not required, to her knowledge, to be micro-managed in this way.

4.    Yamamoto fails to provide her any positive feedback. Ms. Richardson noted that Yamamoto has received positive feedback from two major clients, ITA and BIS and he has not passed them on    to her, or openly acknowledged her contributions to the organization.

5.    Yamamoto undermines her authority with her staff by allowing them to come to him directly with

2       24

concerns and taking their side of a controversy without first obtaining her rationale for her employment decisions/actions.

6.      Yamamoto allows her male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7.      Yamamoto regards her with hostility and openly challenges any statements she makes in staff meetings or other open forums.

8.      On June 1, 2005, Yamamoto told her he did not have any confidence in her or her ability to manage her staff, nor does her co-workers and employees. He added that he had received outstanding recommendations from previous supervisors and was excited about her coming onboard but now he has doubts. He also stated he has no more "blue chips" available he has used them all up.

<u>Requested Remedies</u>:
To resolve these matters in the informal EEO process, Ms. Richardson requests the following:

1.      To be allowed to perform the duties she was hired to accomplish in a respectful, supportive environment; or

2.      Approval of a reasonable amount of time to locate employment with another organization; and

3.      A statement of the work performed for OSY in the period February 22, 2005 to the present.

2       2.5

## Return Receipt

| | |
|---|---|
| **Your document:** | EEO Contact & Request for Mediation |
| **was received by:** | Richard Yamamoto/HCHB/Osnet |
| **at:** | 06/20/2005 12:56:03 PM |

Z    Z6



**Bernadette M Worthy/HCHB/Osnet**
06/20/2005 12:32 PM

To   Richard Yamamoto/HCHB/Osnet@osnet

cc

bcc

Subject   EEO Contact & Request for Mediation

Good afternoon Mr. Yamamoto,

I have been contacted by **Parthenia** Richardson, an employee in your organization, with her concerns of workplace discrimination.

The Equal Employment Opportunity (EEO) complaint process is comprised of two parts: the informal counseling and the formal complaint stage. Ms. Richardson is at the *informal* counseling or pre-complaint stage of the process. The primary focus of the informal process is to seek resolution of the concerns. The Office of Civil Rights (OCR) offers employees the option of pursuing mediation of their EEO concerns. Ms. Richardson has elected this option. Included with this message is a summary of her concerns and requested remedies.

Please let me know who will be designated to participate in this process on behalf of your office. In your consideration of this matter, note that mediation offers the opportunity to:

- open up lines communication, facilitated by a certified, neutral experienced mediator(s). Our mediators are not DOC employees.

- clear up any misunderstandings before more formal, timely, and costly adversarial measures are undertaken;

- utilize creative problem-solving to address workplace issues;

- be actively involved in the resolution of employees' concerns, rather than having the intervention of a third party forum, such as the formal EEO complaint process; and

- promote positive working relations.

Whether the mediation process is a "success" depends entirely upon the parties. Mediation focuses on "mutual" agreement. If you need additional information about mediation or the Alternative Dispute Resolution Process, you can visit the OCR Website at http://www.doc.gov/ocr. Additionally, you can consult with Brian diGiacomo, Office of General Counsel, for assistance. He can be reached on 482-5017. I will also be glad to meet with you to discuss mediation and answer any questions you may have on this process.

I look forward to your cooperation and assistance in this matter. Please do not hesitate to contact me if I can be of any assistance in responding to this request

Bonnie Worthy
EEO Officer, Office of the Secretary
Office of Civil Rights
(202) 482-8121

---

Summary of Concerns:
Parthenia Richardson, Assistant Director for Counter Espionage, Office of Security (OSY), contends that because of her race (Black) and gender, she is being subjected to a pattern of discriminatory treatment by

Richard Yamamoto, Director, OSY. Specifically, Ms. Richardson alleges that:

1.      Yamamoto does not support her decisions as a supervisor. Rather, he challenges all her employment actions, despite her obtaining guidance from the Office of Human Resources Management and the Office of General Counsel.

2.      Yamamoto has taken away her ability to make supervisory decisions, including selections. Ms. Richardson noted that after she had made a selection for a Personnel Security Specialist position, she later informed that OSY policy required her to convene a panel. Prior to this, she received no guidance on filling a vacancy within her organization.

3.      She is the only GS-15 manager in the organization required to meet with Yamamoto individually on a weekly basis for 30 minutes to discuss her supervisory decisions. Ms. Richardson noted that her white male counterparts are not required, to her knowledge, to be micro-managed in this way.

4.      Yamamoto fails to provide her any positive feedback. Ms. Richardson noted that Yamamoto has received positive feedback from two major clients, ITA and BIS and he has not passed them on   to her, or openly acknowledged her contributions to the organization.

5.      Yamamoto undermines her authority with her staff by allowing them to come to him directly with concerns and taking their side of a controversy without first obtaining her rationale for her employment decisions/actions.

6.      Yamamoto allows her male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7.      Yamamoto regards her with hostility and openly challenges any statements she makes in staff meetings or other open forums.

8.      On June 1, 2005, Yamamoto told her he did not have any confidence in her or her ability to manage her staff, nor does her co-workers and employees. He added that he had received outstanding recommendations from previous supervisors and was excited about her coming onboard but now he has doubts. He also stated he has no more "blue chips" available he has used them all up.

Requested Remedies:
To resolve these matters in the informal EEO process, Ms. Richardson requests the following:

1.      To be allowed to perform the duties she was hired to accomplish in a respectful, supportive environment; or

2.      Approval of a reasonable amount of time to locate employment with another organization; and

3.      A statement of the work performed for OSY in the period February 22, 2005 to the present.

# TAB C

## RESOLUTION EFFORTS

2　　　29



**Bernadette M Worthy/HCHB/Osnet**
07/05/2005 09:45 AM

To  Parthenia Richardson/HCHB/Osnet@osnet
cc
bcc
Subject  Proposed Offer of Resolution

Good morning Parthenia,

I was authorized by OSY and the Office of General Counsel this morning to offer you the following proposed resolution of your EEO complaint. Please review it and let me know if you are amendable to these terms. Attached to the message is the formal agreement containing the standard Departmental language. If you would like to discuss this matter further, I will be in my office most of the morning.

BMW



| | | |
|---|---|---|
| **Bernadette M Worthy**/HCHB/Osnet | To | Parthenia Richardson/HCHB/Osnet |
| 07/05/2005 11:10 AM | cc | |
| | bcc | |
| | Subject | Re: Proposed Offer of Resolution |

Good morning again,

I have informed the Agency and counsel that you have received the proposed offer and will review it and get back to me with a response. I sincerely appreciate your professionalism and responsiveness in this process.

BMW

Parthenia Richardson/HCHB/Osnet



| | | |
|---|---|---|
| **Parthenia Richardson**/HCHB/Osnet | To | Bernadette M Worthy/HCHB/Osnet@osnet |
| 07/05/2005 09:51 AM | cc | |
| | Subject | Re: Proposed Offer of Resolution |

I would like to come and see you.

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

Bernadette M Worthy/HCHB/Osnet



| | | |
|---|---|---|
| **Bernadette M Worthy**/HCHB/Osnet | To | Parthenia Richardson/HCHB/Osnet@osnet |
| 07/05/2005 09:45 AM | cc | |
| | Subject | Proposed Offer of Resolution |

Good morning Parthenia,

I was authorized by OSY and the Office of General Counsel this morning to offer you the following proposed resolution of your EEO complaint. Please review it and let me know if you

2    31



Bernadette M
Worthy/HCHB/Osnet
07/06/2005 09:08 AM

To  John Guenther/HCHB/Osnet@osnet, Richard
Yamamoto/HCHB/Osnet@osnet

cc

bcc

Subject  Richardson

Good morning to you both,

Parthenia Richardson informed me this morning that she declines the proposed offer of resolution.  Ms.
Richardson did not present a counter-offer, and has requested to move forward with filing a formal
complaint of discrimination.

In preparation for a formal filing, EEOC regulations require me to prepare a counselor's report.  I would
like to include the Agency's response to Ms. Richardson's allegations in the report.  Please review the
allegations made by Ms. Richardson and provide any relevant information or responses.  You can do so in
writing, via e-mail, or I can meet with you to obtain your responses to her concerns.  For your quick
reference, I am including the original allegations I provided you earlier.

Please let me know if you have nay questions, or would like to schedule a meeting to provide your
responses.  I appreciate your efforts to resolve this matter at the pre-complaint stage.
BMW

_____

_____

Summary of Concerns:
Parthenia Richardson, Assistant Director for Counter Espionage, Office of Security (OSY), contends that
because of her race (Black) and gender, she is being subjected to a pattern of discriminatory treatment by
Richard Yamamoto, Director, OSY.  Specifically, Ms. Richardson alleges that:

1.      Yamamoto does not support her decisions as a supervisor.  Rather, he challenges all her
employment actions, despite her obtaining guidance from the Office of Human Resources
        Management and the Office of General Counsel.

2.      Yamamoto has taken away her ability to make supervisory decisions, including selections.  Ms.
Richardson noted that after she had made a selection for a Personnel Security Specialist
        position, she later informed that OSY policy required her to convene a panel.  Prior to this, she
received no guidance on filling a vacancy within her organization.

3.      She is the only GS-15 manager in the organization required to meet with Yamamoto individually
on a weekly basis for 30 minutes to discuss her supervisory decisions.  Ms. Richardson noted that
        her white male counterparts are not required, to her knowledge, to be micro-managed in this way.

4.      Yamamoto fails to provide her any positive feedback.  Ms. Richardson noted that Yamamoto has
received positive feedback from two major clients, ITA and BIS and he has not passed them on
to her, or openly acknowledged her contributions to the organization.

5.      Yamamoto undermines her authority with her staff by allowing them to come to him directly with
concerns and taking their side of a controversy without first obtaining her rationale for her
        employment decisions/actions.

6.      Yamamoto allows her male counterparts and subordinate staff to communicate with her in a
disrespectful and condescending manner.

2      32

7.    Yamamoto regards her with hostility and openly challenges any statements she makes in staff meetings or other open forums.

8.    On June 1, 2005, Yamamoto told her he did not have any confidence in her or her ability to manage her staff, nor does her co-workers and employees. He added that he had received outstanding recommendations from previous supervisors and was excited about her coming onboard but now he has doubts. He also stated he has no more "blue chips" available he has used them all up.

2    33

# TAB D

## BACKGROUND INFORMATION

2    34



**Bernadette M Worthy/HCHB/Osnet**
07/06/2005 09:10 AM

To    Parthenia Richardson/HCHB/Osnet@osnet

cc

bcc

Subject    Re: Proposed Offer of Resolution

FYI. I just informed Mr. Yamamoto and counsel via e-mail that you have declined the agency's offer of resolution and requested to move forward with the EEO process.
BMW

Parthenia Richardson/HCHB/Osnet



**Parthenia Richardson/HCHB/Osnet**
07/06/2005 09:00 AM

To    Bernadette M Worthy/HCHB/Osnet@osnet

cc

Subject    Re: Proposed Offer of Resolution

Thank you.

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

Bernadette M Worthy/HCHB/Osnet



**Bernadette M Worthy/HCHB/Osnet**
07/06/2005 08:59 AM

To    Parthenia Richardson/HCHB/Osnet@osnet

cc

Subject    Re: Proposed Offer of Resolution

Got it.  Thanks.
BMW

Parthenia Richardson/HCHB/Osnet



**Parthenia Richardson/HCHB/Osnet**
07/06/2005 08:58 AM

To    Bernadette M Worthy/HCHB/Osnet@osnet

cc

Subject    Re: Proposed Offer of Resolution

2      3 S



No counter offer.

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov


Bernadette M Worthy/HCHB/Osnet



**Bernadette M
Worthy/HCHB/Osnet**
07/06/2005 08:57 AM

To  Parthenia Richardson/HCHB/Osnet@osnet
cc
Subject  Re: Proposed Offer of Resolution


Thank you.  Are you interested in making a counter-offer at this time?  If not, I will proceed with closing out this matter.
BMW

Parthenia Richardson/HCHB/Osnet



**Parthenia
Richardson/HCHB/Osnet**
07/06/2005 07:35 AM

To  Bernadette M Worthy/HCHB/Osnet@osnet
cc
Subject  Proposed Offer of Resolution


Good morning Bonnie -

I have decided to not accept the proposed offer of resolution and would like to file a formal complaint.
Please let me know what is needed to take on this next step.

Sincerely,

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

2    36

**EXHIBIT 19**



Parthenia
Richardson/HCHB/Osnet

07/11/2005 04:19 PM

To  Bernadette M Worthy/HCHB/Osnet@osnet

cc  Parthenia Richardson/HCHB/Osnet@osnet

bcc

Subject  Mid-Year Counseling

Bonnie -

I need to bring you a copy of a mid-year counseling I just received from Dave Bell, and was instructed effective 7/12/2005 I would moved to be his special assistant for 4 months to handle special projects.

Sincerely,

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

Exhibit 2 q    pg. 1



Parthenia
Richardson/HCHB/Osnet

07/13/2005 11:44 AM

To    "Bernadette Worthy" <BWorthy@doc.gov>

cc

bcc

Subject    Fw: Staff Meeting Minutes of 7/12/05

Pls note the comments in the minutes.

Parthenia Richardson
Assistant Director
Counterespionage Division
Office of Security
U.S. Department of Commerce
Washington, DC 20230
W: (202) 482-1408/C: (240) 476-5218
    Vanessa Greer

    **From:** Vanessa Greer
    **Sent:** 07/13/2005 10:09 AM
    **To:** Carroll Ward; Cheryl.L.Wieser@noaa.gov@osnet; David Bell;
Harold.L.Washington.jr@census.gov@osnet; Kevin Sadler; Patty Grasso; Richard
Yamamoto; Richard Duncan; Robert Page; Syd Deane; Thomas DeSeve;
wmonroe@boulder.nist.gov@osnet; dane.woodard@nist.gov; Parthenia Richardson
    **Subject:** Staff Meeting Minutes of 7/12/05

FYI

Staff Meeting Minutes 07-12-05.doc

Vanessa Greer
OSY - x 24371

Exhibit 29 pg 2

**NOTE:  Please be advised that all minutes are being recorded for accuracy.**

**OSY Staff Meeting July 12, 2005**

*Present*
Richard Yamamoto
Bob Page
Dave Bell
Tom deSeve
Kevin Sadler
Vanessa Greer

*Absent*
Parthenia Richardson
Patty Grasso

**Introduction**.
- Rich welcomed the staff.   The meeting was then opened to personnel to discuss any issues.

**Emergency Management**
- Bob mentioned that GAO will be returning for another COOP audit.  They will be focusing on alternate sites, telework and vital records.
- It was noted that a few copies of the HCHB OEP will be printed and made available at the HCHB Service Center.

**Project Management Office**
- N/A

**Counterespionage**
- Tom DeSeve will be temporarily leading the division as Parthenia Richardson focuses on implementing several high-level departmental initiatives to include the declassification initiative and installation of SIPERNET connectivity.  She will also be supporting COOP, HSPD-12, Census Decennial and other highly priority projects.

**Strategic and Administrative Management**
- The Federal Register notice was published, so the police officers will officially be participating in the DEMO project come next fiscal year.  HR still has some work to do in terms of officially notifying employees and bargaining unions.
- OPM is conducting an audit right now, they are asking for certain HR files, i.e. performance plans going back at least 3 years.
- OAM is trying to close the loop on training with their new procedures with regards to CORs and POCs.  They are looking at doing a conference call to the field offices July 19th and 20th.  Rachel will be sending out additional

information.
- For budgetary purposes the Admin office is taking a look at the finances through the 4th quarter, pulling money from here and there to fund high priority items.
- IDENTICARD was in 7/12, working on credentials.  We now have IG's language for their credentials.

## Client Services/HCHB
- Tom mentioned that he would not be going to the Deemed Exports briefing on July 13.
- Tom mentioned that there have been some setbacks with installation of the access control system but some processors have been successfully switched over.
- Tom also mentioned that the delta bar on the 15th Street courtyard was repaired, a new surge protector was needed.

## Anti-Terrorism
- Dave mentioned that a follow-up SPIRENET meeting will be held on July 21. This meeting will update them on SPIRENET's progress and to give names of specific users.
- William Chu of the IG's office will be meeting with Dave to discuss the IG's findings from the Overseas Audit.  Mr. Chu is scheduled to meet with Rich on July 21.
- Dewitt Duggar has gone from 36 overseas sites to 28.  Dave will be meeting with Dewitt for a briefing on 7/13 to discuss the changes and workload issues for the coming year.
- On July 19, Dave and others will be at NOAA for their Annual Critical Infrastructure Assessment briefing.
- The Boulder Assessment is scheduled for the 1st week in September.  Jason Blanton has the lead on this.

## Other Issues
- Rich made mention that OMO is circulating the Foreign National Visitor DAO following some minor edits.
- Rich also made mention that we should focus on an updated Departmental COOP.

Exhibit 29    pg 4

 **MAIL**

Print - Close Window

**To:**      richp1260@yahoo.com

**Subject:** Fw: Projects

**From:**    PRichardson@doc.gov

**Date:**    Wed, 31 Aug 2005 15:22:40 -0400

---- Forwarded by Parthenia Richardson/HCHB/Osnet on 08/31/2005 03:22 PM ----

**David Bell/HCHB/Osnet**

To Thomas de Seve/HCHB/Osnet@osnet

07/18/2005 10:10 AM

CC Parthenia Richardson/HCHB/Osnet@osnet

Subject Projects

Tom, Parthenia and I met this morning and she understands she is the lead for the declass project. She will assume responsibility for the entire project to include any meetings required to be attended by OSY staff. She will need to get with Alarie to make this a smooth transition. Please advise how you want to be involved with this or I can have Parthenia go direct with Alarie.

Her second project involves taking the lead for security of the Decennial project. Obviously she will need to coordinate with Harold on this since she will receive guidance and direction from him on the requirements and tasks that must be accomplished. Please advise Harold.

db

# YAHOO! MAIL

Print - Close Window

**To:**    richp1260@yahoo.com

**Subject:** Fw: Duties

**From:**  PRichardson@doc.gov

**Date:**  Wed, 31 Aug 2005 15:23:11 -0400

— Forwarded by Parthenia Richardson/HCHB/Osnet on 08/31/2005 03:23 PM —

**David Bell/HCHB/Osnet**                              To Parthenia Richardson/HCHB/Osnet@osnet

07/18/2005 08:08 AM                                    cc

                                                        Subject Re: Duties Link

OK

**Parthenia Richardson/HCHB/Osnet**                    To David Bell/HCHB/Osnet@osnet

07/18/2005 07:47 AM                                    cc

                                                        Subject Re: Duties Link

Dave I am just seeing this message I was upstairs with EEO re: Geneva from 11:45am until 1:30pm and my leave was approved to depart at 1:00pm. I was late to my pre-op appointment. I will be in your office at 9:00am.

Sincerely,

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

**David Bell/HCHB/Osnet**                              To Parthenia Richardson/HCHB/Osnet@osnet

07/15/2005 04:43 PM                                    cc

                                                        Subject Re: Duties Link

Parthenia, let's try this again, pls meet me in my office at 9:00 am Monday to discuss these projects.

db

Exhibit 29        6

David Bell/HCHB/Osnet

07/15/2005 10:01 AM

To  Parthenia Richardson/HCHB/Osnet

cc

Subject  Duties

Parthenia, I would like to discuss your new duties today, specifically the high priority projects I need you to take the lead on.  I have 3 panel interviews I am sitting on at 11:30, 2:00 and 3:00, and I know you are leaving early today.  So pls come by between 1:00 and 1:30.

Thanks

db

Exhibit 29  Page 7

# *YAHOO!* MAIL

**To:**  richp1260@yahoo.com

**Subject:**  Fw: Resignation

**From:**  PRichardson@doc.gov

**Date:**  Tue, 30 Aug 2005 08:00:33 -0400

Print - Close Window

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

----- Forwarded by Parthenia Richardson/HCHB/Osnet on 08/30/2005 08:01 AM -----

**David Bell/HCHB/Osnet**

08/30/2005 07:57 AM

To Parthenia Richardson/HCHB/Osnet@osnet
cc
Subject Re: Resignation_Link_

Parthenia, I understand.  We can discuss your remaining time in OSY at our 11:00 meeting today.

Dave

**Parthenia Richardson/HCHB/Osnet**

08/30/2005 07:38 AM

To dbell1@doc.gov
cc Richard Yamamoto/HCHB/Osnet@osnet, Otto Wolff/HCHB/Osnet@osnet,
Kevin Sadler/HCHB/Osnet@osnet
Subject Resignation

August 30, 2005

Mr. David Bell
U.S. Department of Commerce
Office of Security
Washington, DC 20230

Dear Mr. Bell:

I hereby tender my resignation from Department of Commerce, Office of Security, with an
effective date of September 17, 2005. At that time, I will return my government issued

Exhibit 29  Page 8

Yahoo! Mail - richp12ou@yahoo.com                                    Page 2 of 2

Case 1:06-cv-00517-AK     Document 12-5     Filed 11/22/2006     Page 59 of 70

property.

Sincerely,

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

Exhibit 29 Page 9

 **MAIL**

Print - Close Window

**To:** richp1260@yahoo.com

**Subject:** Fw: Meeting Rescheduled

**From:** PRichardson@doc.gov

**Date:** Tue, 30 Aug 2005 14:18:40 -0400

Parthenia Richardson
Office of Security
U.S. Department of Commerce
Washington, DC 20230
V: (202) 482-1408/C: (240) 476-5218
Email: prichardson@doc.gov

---- Forwarded by Parthenia Richardson/HCHB/Osnet on 08/30/2005 02:19 PM ----

David Bell/HCHB/Osnet

                                    To  Parthenia Richardson/HCHB/Osnet@osnet

08/30/2005 02:14 PM                 cc

                                    Subject  Meeting Rescheduled

Parthenia, I need to reschedule today's 3:30 meeting with Rich, new time - Thursday at 10:00 in his office.
Thanks
db

29          10

**EXHIBIT 20**

# DECLARATION OF MR. ROBERT DEATS

Ms. Parthenia Richardson

    v.

Agency Case No. 05-51-00166

U.S. Department of Commerce

I, Robert Deats, pursuant to 28 U.S.C. § 1746, hereby declare:

I understand that this is the claim accepted for investigation:

Complainant, formerly the Assistant Director for Counter Espionage, GS-15, Office of Security, Office of the Secretary, Department Of Commerce alleges that she has been subjected to a continuous pattern of discrimination and harassment constituting a hostile work environment due to her race (Black) and sex (female). She cites the following:

1. During the period of May to June 2005, Richard Yamamoto did not support her as a supervisor and challenged her employment actions, despite her having obtained guidance from the Office of Human Resources and the Office of General Counsel.

2. In June 2005, Yamamoto took away her ability to make supervisory decisions, including hiring selections.

3. Since June 2005, Yamamoto requires her to meet him on a weekly basis for 30 minutes to discuss supervisory decisions and duties.

4. During the period of May to June 2005, Yamamoto failed to provide her any positive feedback, despite receiving positive feedback from two major clients, and also failed to openly acknowledge her contributions to the organization.

5. During the period of April to June 2005, Yamamoto undermined her authority with staff by allowing them to come directly to him with their concerns and siding with them on controversial matters without first obtaining her rationale for employment decisions and actions.

6. In May 2005, Yamamoto allowed her Caucasian male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7. During the period of April to May 2005, Yamamoto treated her with hostility and openly challenged any statements she made in staff meetings and other open forums.

1 of 9

Initials _Rɔ_

8. On June 1, 2005, Yamamoto told her that he, his colleagues, and his staff did not have confidence in her ability to manage, and added that while he had received outstanding recommendations from previous supervisors and was excited about her coming on board, he now had doubts. At that time, Yamamoto also stated that he had no more "blue chips" available, and that he has used them all up.

Complainant also alleges retaliation for having engaged in the EEO complaint process when:

9. On July 11, 2005, she was informed by Dave Bell, Acting Deputy Director, Office of Security, that effective July 12, 2005, she was being temporarily reassigned from her position as Assistant Director for the Counter Espionage Division for a period of 120 days, She also learned that Thomas deSeve, a Caucasian male counterpart, was assigned to assume her responsibilities while continuing his current responsibilities.

10. On July 11, 2005, Bell gave her a mid-year counseling that was less than favorable and cited items/issues that were inaccurate.

11. On July 11, 2005, She was informed that she was to move out of her office so that deSeve could occupy her space. She contends that deSeve already had adequate space, which would have allowed him to effectively manage both his pre-existing duties and the duties reassigned to him. She further contends that Linda Guier and Susan Powers, two Caucasian, GS-14 female managers, were reassigned from under her supervision on May 9, 2005, yet were not required to relocate.

12. She was required to move to a workspace where GS-14 employees had better accommodations.

13. The duties given to her on her reassignment are GS-11 and GS-12 duties.

14. On August 17, 2005, she spoke to Bell and requested reasonable accommodation, as recommended by her physician for stress and Bell commented, "You are not under any stress, we just moved you from stress."

15. As a result of the refusal to comply with her request concerning the stress and to escape the hostile work environment, she "submitted an involuntary termination" (i.e., constructive discharge) on September 6, 2005.

*What is your race?*

Response: I was born in Spain. Hispanic.

Initials _ℓₐₛ_

Are you a Security Specialist ZA –080-03 in the Counter Espionage Division?

Response: Yes.

Who did you work for before Ms. Richardson became Assistant Director of the Counter Espionage Division?

Response: Alan Milne. He is White.

Who were you working for after Ms. Richardson was detailed to Special Projects Officer?

Response: The one who took over for her was Tom deSeve.

Did Ms. Guier ever assume that position?

Response: No. The only time she would act was when Parthenia had a doctor's appointment or something like that. She was never in the position as Acting Assistant Director.

How long have you held your position and worked in the Counter Espionage Division?

Response: I believe since 2000.

How long have you worked in the Office of Security

Response: I believe 5 years.

Do you have reason to believe Ms. Richardson was harassed during her employment with OSY?

Response: To be honest with you, I really don't know what transpired between her and the front office. I knew there was some friction.

How did you know there was friction?

Initials _RJb_

Response: Just from the scuttlebutt you hear. I could never confirm it until she was removed from the position. I thought it was some kind of disciplinary action, but that's just an assumption.

*Why would you assume it was a disciplinary action?*

Response: Why would she be going from Assistant Director to work as a Special Projects Officer? She was not involved in any decision-making responsibility for the division.

*To your knowledge, did management support her as a supervisor?*

Response: Not based on what I saw.

*What did you see to make you think they were not supporting her?*

Response: Just from coworkers' complaints about her modes or methods that she used around the office. All the ideas she had, I was definitely in favor of. I think she just went about it the wrong way.

*Why do you think she went about things the wrong way?*

Response: From comments by coworkers. I was never present when the comments were made or the actions taken.

*What were the comments about?*

Response: I think one person said she called someone stupid, but I can't confirm or deny it. I was not present when it happened.

*Did other managers and Ms. Richardson's subordinate staff communicate with her in a disrespectful and condescending manner?*

Response: I was never present, it's just what I overheard being said.

Initials _RJb_

1)    4

Would you have been present at meetings with Mr. Yamamoto, Mr. Bell, and Ms. Richardson to see their interaction?

Response: I was never at their meetings?

Do you have any reason to believe Mr. Yamamoto and Mr. Bell discriminated in actions they took affecting Ms. Richardson based on her race and sex?

Response: I could not tell you one way or the other. I have no idea. I don't know them that well. I just meet with them when they ask me to do something, that's the extent of our relationship.

Ms. Richardson was held responsible for a number of problems in the division: the loss of two experienced individuals, Ms. Herbert and Mr. Bodin; employees seeking other employment, a temporary employee from Suitland asking to be returned there; an all time low in morale in the division. Did these problems result from the way Ms. Richardson treated people?

Response: Personally, I do not think it was because of her. There were a lot of complaints by people saying she gave them too much work. I did the work assigned and got along with her pretty well. I thought it was inappropriate for them to complain that they had too much to do.

Do you know why Ms. Guier and Ms. Powers were reassigned?

Response: I think, from comments they made, it was because they were not completing assignments on time. I think that was the biggest problem. I was not present at any of their meetings.

Would you say morale in the division was "at an all time low" while Ms. Richardson was there?

5 of 9

Initials _CJS_

11    5

Response: Yes, not too many people were happy.

*Was Ms. Richardson rude, harsh, and dictatorial to you or others?*

Response: Not to me.  We got along fine.

*Did others make comments that she was?*

Response: Yes.

*Why?*

Response: I have no idea. I don't know what was said or in what manner it was said.  I was not present.

*Are you aware of any instances in which she changed policy without getting approval by Mr. Bell or Mr. Yamamoto or without properly coordinating the change?*

Response: I know some changes were made.  I don't know what procedures she went through.  I don't get involved too much with management decisions.

*Were you at all familiar with the HSPD-12 project?*

Response: I think Mike Bodin was the person involved with that directly.

*When he left, who got it?*

Response: I think the person working that now is Ron Martin. He is not in my immediate office.

*Did you know Ms. Herbert?*

Response: She used to work in the Personnel Security side of the house for Linda Guier.

*What is her race?*

Response: Black.

Initials *R.J.b*

*What about Mr. Bodin?*

Response: He is White.

*Was Alarie Shyloon responsible for the declassification project?*

Response: She is still heading that program.

*Was Ms. Richardson was assigned that project as Special Projects Officer?*

Response: Yes.

*Do you know why?*

Response: It was a management decision.

*Was Ms. Richardson humiliated or embarrassed in being assigned the Special Projects Officer?*

Response: That's something she would have to answer. All I know is that she came in one day and said she was being reassigned somewhere else. Mr. Bell handled it. I hated to see her go, but that's just me.

*Are you at all familiar with the space in the Anti-Terrorism Division that Ms. Richardson was assigned after her detail as Special Projects Officer?*

Response: Yes. It's similar to what she occupied here, maybe smaller but not much.

*Was the office formerly occupied by Mr. Repass?*

Response: Correct.

*Is the current Assistant Director for the Anti-Terrorism Division in that space now?*

Response: They just hired a new Assistant Director and they're re-doing that space for him.

7 of 9

Initials AJS

11    7

*Are you aware of any action taken by management that humiliated or embarrassed Ms. Richardson?*

Response: To me, it would embarrass me to be removed from my Assistant Director position and moved somewhere else, but I was not a witness to anything that was said.

*Do you have any reason to believe Mr. Yamamoto or Mr. Bell would try to force Ms. Richardson to resign her position?*

Response: I don't have any direct knowledge of that. If it were me, that's the impression I would get.

*Would they do so in reprisal for her having filed an EEO complaint?*

Response: I didn't even know she had filed an EEO complaint until you called me.

*Is there anything in your knowledge of them that would lead you to think they would?*

Response: I have no idea.

*Is there anything else you want to tell me?*

Response: I think she was the fresh air we needed in here. Unfortunately, she went about it the wrong way, the way she phrased sentences. In her mind, I think she thought she could just do it. In an agency like ours, things get done differently. She had to get used to the way things are done here. She needed a period of time to adjust. There were changes that needed to be made, I believe, but it seems people were upset at the amount of work they were being given.

8 of 9

Initials _RJS_

I have read the above statement consisting of __9__ pages. I declare under the penalties of perjury that my statement is true, correct and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

Robert Deats

Executed on: _11/18/2005_