UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PARTHENIA RICHARDSON**<br><br>Plaintiff,<br><br>v.<br><br>**CARLOS M. GUTIERREZ,**<br>**SECRETARY**<br>**U.S. DEPARTMENT OF COMMERCE**<br><br>Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 06-00517 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RULE 56(f) AFFIDAVIT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

1. I am submitting this Affidavit pursuant to Fed. R. Civ. P. 56(f) in support of the Plaintiff's contention that Defendant's Motion to Dismiss and for Summary Judgment ("Def. Summ. Jud. Motion") should be denied pending discovery.

2. In this case, the Agency filed the instant motion before any Answer or even the entry of a scheduling order. Plaintiff, therefore, has not had the benefit of taking any discovery, such as interrogatories, document requests or depositions. The only evidence Plaintiff has to support her claims was produced during the EEO process and that evidence is limited to what is reflected in the Report of Investigation. However, the filing of a civil complaint in U.S. District Court is *de novo*. See Chandler v. Roudebush, 425 U.S. 840, 845-846 (1976)(acknowledging that since the civil action provided in § 706 is a trial *de novo*, federal-sector employees are entitled to a trial *de*

*novo* of their employment discrimination claims). As such, any facts relevant to Plaintiff's complaint arising from the administrative case should be considered anew and Plaintiff should have the opportunity to pursue, as well as introduce, new evidence and legal theories to support her claims.

3. In this case, there is a myriad of relevant material and discoverable documents that have not been obtained by the Plaintiff. Such information would be necessary in order for Plaintiff to adequately and fully respond to Defendant's Motion.

4. For instance, Defendant argues that the position to which Mr. Yamamoto detailed Ms. Richardson did not cause her any loss of grade, salary or benefits and she was assigned GS-15 equivalent work. Def. Mott. Summ. Jud at. 16. Defendant's assertions are categorically incorrect. Although the Agency kept Ms. Richardson at a GS-15 level, Mr. Yamamoto and Mr. Bell assigned Ms. Richardson duties that were at a lower GS level. Moreover, Defendant stripped Ms. Richardson of all her supervisory duties; no longer included her in management meetings and distribution lists; and gave her a substandard work space in comparison to the office she previously occupied.

5. In order to successfully establish that the Agency retaliated against Ms. Richardson, she will need to obtain information concerning the Agency's so-called legitimate business reason for the detail. Toward this end, Plaintiff will need to take discovery on any and all information Defendant has to support its decision to remove Ms. Richardson from her position and to strip her supervisory duties.

6. Plaintiff also needs to obtain discovery on what supposed projects management had intended to assign her. Additionally, no discovery has been taken on how the detail would effect Plaintiff's supervisory probationary period or how the detail would be documented in her personnel file. Discovery on how the detail and new position would have impacted Plaintiff is all the more critical given the holding in <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 126 S.Ct. 2405 (2006) which would require Plaintiff to produce evidence showing that a reasonable employee would have found employer's challenged action materially adverse. Accordingly, Plaintiff needs to obtain discovery to determine how the detail would impact her probationary period and future salary.

7. Defendant also asserts that Mr. Yamamoto decided to detail Ms. Richardson to the Special Projects position before the Plaintiff filed her complaint with the EEO on June 20, 2005. Def. Mot. Summ. Jud. at 24. Ms. Richardson made her initial contact with Susan M. Worthy, an EEO counselor, on June 6, 2005, not June 20th, as Defendant asserts. Plaintiff needs to obtain discovery on this issue to determine exactly what date management became aware that Ms. Richardson had contacted the EEO to file a complaint. Toward that end, Plaintiff needs to take the deposition of Ms. Worthy and Mr. Otto Wolf to determine when management was notified of the EEO complaint. Additionally, management may also have become aware of Ms. Richardson's protected activity when she discussed the discriminatory behavior occurring in her department in May 2005 with James Jamison, an EEO counselor. It is

anticipated that the testimony of these individuals, obtained during discovery, will show that Mr. Yamamoto became aware of Ms. Richardson's EEO complaint well before June 20th.

8. Defendant also argues that Ms. Richardson did not manage her subordinates in a professional manner and that there was a high turnover rate. Plaintiff thus needs to obtain statistics on the employment of the department's staff to show that the issues she faced were long-standing and entrenched before she became Assistant Director.

9. Another key aspect of Ms. Richardson's case is the disparate treatment she experienced from Mr. Yamamoto and Mr. Bell. Discovery needs to be obtained as to why Mr. Yamamoto initially supported Ms. Richardson and expected her to work autonomously with little guidance to address the numerous issues within the department. However, when Ms. Richardson began to manage her work group, Mr. Yamamoto began to undermine her authority. Curiously, Mr. Yamamoto did not second-guess Plaintiff's male Caucasian counterparts, Thomas DeSeve and Robert Page, when they made supervisory decisions. He did not ask Mr. DeSeve or Mr. Page to meet with him on a weekly basis to keep him informed of their weekly activities. Accordingly, Plaintiff needs to depose Mr. Yamamoto to gather information as to why he imposed different standards on Ms. Richardson and why he supposedly lost confidence in her ability to manage.

10. To further support her claims of disparate treatment, Ms. Richardson needs information to show that similarly situated employees, such as Thomas

DeSeve, Robert Page, Cheryl Stone, and Alan Miline, were treated more favorably and not disparaged by Mr. Yamamoto. Being able to show, through discovery, that Ms. Richardson was subject to unjustifiably higher standards than others will support the fact that Mr. Yamamoto's reasons for detailing her to another position were pretext.

11. In sum, Ms. Richardson's case should not be dismissed without allowing her to seek information and take depositions on key issues of disputed fact in her case. The Agency's credibility on certain issues is at dispute and discovery would be necessary to understand and challenge management's decision-making.

12. All of the foregoing information is both material and discoverable, but unavailable. Accordingly, Defendant's motion to dismiss should be dismissed pending an opportunity to engage in discovery.

In accordance with the provisions of 28 U.S.C. §1746, I solemnly declare or affirm, under penalty of perjury, that the facts contained in the foregoing Affidavit consisting of five (5) pages, are true to the best of my knowledge, information and belief.

Executed on this 11th day of December, 2006.

Signature of Affiant  _____
Camilla C. McKinney