# PLAINTIFF'S EXHIBIT 5

UNITED STATES DEPARTMENT OF COMMERCE
Chief Financial Officer and
Assistant Secretary for Administration
Washington, D.C. 20230

August 31, 2005

MEMORANDUM FOR  Susan Thomas
                Acting Chief, Compliance Division
                Office of Civil Rights

FROM:           Bernadette M. Worthy
                Equal Employment Opportunity Officer
                Office of the Secretary

SUBJECT:        Report of Counseling Activity
                **Parthenia Richardson**
                05-51-00166

The following are the Equal Employment Opportunity (EEO) counseling activities report and related information for the formal complaint of race, sex discrimination and retaliation filed by Parthenia Richardson, an employee of the Office of Security (OSY), Office of the Secretary.

A.  **INFORMATION ABOUT COMPLAINANT**

ADDRESS:    12604 Windbrook Drive
            Clinton, MD 20735

B.  **INFORMATION ABOUT COMPLAINT**

INITIAL CONTACT:            06/20/05
ADR REQUESTED:              06/20/05
ADR TERMINATED:             07/06/05
RIGHTS & RESPONSIBILITIES:  07/22/05
RIGHT TO FILE ISSUED:       07/22/05 (See, **TAB A**)
RIGHT TO FILE REC'D:        07/27/05
COMPLAINT FILED:            08/08/05

C.  **BACKGROUND**

On June 6, 2005, Parthenia Richardson, Assistant Director for Counter Espionage, OSY, contacted me with her concerns of workplace discrimination. Specifically, she indicated that because of her race (Black) and gender, she was being subjected to a pattern of discriminatory treatment by Richard Yamamoto, Director, OSY. Specifically, Ms. Richardson alleged that:

1.  Yamamoto does not support her decisions as a supervisor. Rather, he challenges all her employment actions, despite her obtaining guidance from the Office of Human Resources Management and the Office of General Counsel.

2.  Yamamoto has taken away her ability to make supervisory decisions, including selections. Ms. Richardson noted that after she had made a selection for a Personnel Security Specialist position, she later informed that OSY policy required her to convene a panel. Prior to this, she received no guidance on filling a vacancy within her organization.

3.  She is the only GS-15 manager in the organization required to meet with Yamamoto individually on a weekly basis for 30 minutes to discuss her supervisory decisions. Ms. Richardson noted that her white male counterparts are not required, to her knowledge, to be micro-managed in this way.

4.  Yamamoto fails to provide her any positive feedback. Ms. Richardson noted that Yamamoto has received positive feedback from two major clients, ITA and BIS and he has not passed them on to her, or openly acknowledged her contributions to the organization.

5.  Yamamoto undermines her authority with her staff by allowing them to come to him directly with concerns and taking their side of a controversy without first obtaining her rationale for her employment decisions/actions.

6.  Yamamoto allows her male counterparts and subordinate staff to communicate with her in a disrespectful and condescending manner.

7.  Yamamoto regards her with hostility and openly challenges any statements she makes in staff meetings or other open forums.

8.  On June 1, 2005, Yamamoto told her he did not have any confidence in her or her ability to manage her staff, nor does her co-workers and employees. He added that he had received outstanding recommendations from previous supervisors and was excited about her coming onboard but now he has doubts. He also stated he has no more "blue chips" available he has used them all up.

**Requested Remedies:**
During the initial counseling meeting, Ms. Richardson requests the following to resolve these matters:

1.  To be allowed to perform the duties she was hired to accomplish in a respectful, supportive environment; or

2.  Approval of a reasonable amount of time to locate employment with another organization; and

3.  A statement of the work performed for OSY in the period February 22, 2005 to the present.

Later in the informal process, on July 28th, Ms. Richardson requested a detail outside of OSY due to allegations of retaliation and a hostile work environment

### D.  AGENCY CONTACT AND RESOLUTION EFFORTS

On June 20, 2005, Ms. Richardson requested alternative dispute resolution (ADR) to resolve her concerns. On this same date, I notified Mr. Yamamoto of her concerns and request for ADR. On June 27, 2005, Mr. Yamamoto acknowledged the request and referred me to David Bell, Ms. Richardson's second level supervisor, to discuss possible resolution.

On July 5, 2005, OSY authorized me to offer Ms. Richardson an offer of resolution. The electronic message transmitting this offer is included at TAB C. However, the terms of the offer are not included to protect the confidentiality of settlement negotiations.

On July 6, 2005, Ms. Richardson declined the Agency's offer of resolution and requested to move forward with the EEO process. I requested that the Agency provide responses to Ms. Richardson's concerns. However, as of the filing of this report, they have not been received.

### E. ADDITIONAL CONCERNS OF RETALIATION

On July 11, 2005, Ms. Richardson informed me that she believed she had been subjected to discriminatory actions for her participation in the EEO process and for declining the Agency's offer of resolution. Specifically, she noted the following allegations of reprisal:

9. On July 11, 2005, Dave Bell, Deputy Director, OSY, informed her that effective July 12, 2005, she was temporarily reassigned from her position as Assistant Director for Counter Espionage, for a period of four months. She noted that initially she was not given any specific duties for the detail period.

10. Tom deSeve, a white male counterpart, was reassigned to assume her responsibilities.

11. Despite Mr. deSeve already having an office nearby, she was told to move out of her office because he would be moving into it. She noted that when Linda Guier and Susan Powers, two white females, GS-14 managers, were temporarily reassigned from under her supervision, Mr. Yamamoto, or Mr. Bell did not require them to relocate.

12. She was assigned the duties previously assigned to a GS-12 employee while on detail to unspecified duties.

13. David Bell routinely e-mailed her regarding work assignments and imposed deadlines while she was on Agency approved sick leave[1].

On July 28, 2008, Ms. Richardson set out additional allegations of retaliation. This information is included at TAB A. She noted the following concerns:

14. One week after declining the proposed remedies she was relieved from her position as Assistant Director of Counterespionage Division for a period of 120 days. However, she was told to vacate her office and was moved to a workspace where GS-14 employees had better accommodations.

15. She was cut off normal Office of Security e-mail distribution which would make it impossible to carry out any assignments.

16. She was told by then Acting Deputy Director Dave Bell that she would be his special projects person with duties to follow. He also gave her a mid-year counseling that was less than favorable stating things that were far from reality.

At this time, Ms. Richardson requested a detail outside the OSY because she believed this would lessen the chances of continued retaliation and hostile work environment.

### F. TERMINATION OF COUNSELING

On July 6th, Ms. Richardson requested to terminate the informal counseling process. I issued her a Notice of Right to File a Formal Complaint via certified mail on July 22, 2005. Ms. Richardson received this Notice on July 27, 2005, and filed the instant complaint with the Office of Civil Rights on August 8, 2005.

### G. LIST OF ATTACHMENTS

---

[1] On July 22, 2005, Ms. Richardson informed me that she had surgery on July 19, 2005, and was not scheduled to return to work until August 8, 2005.

| ATTACHMENT | DESCRIPTION | SOURCE |
|---|---|---|
| TAB A | Counseling Information | |
| | Notice of Right to File | Counselor |
| | Rights & Responsibilities | Counselor |
| | Initial Contact | |
| | Additional Allegations | |
| TAB B | Agency Contact & Response | Counselor |
| TAB C | Resolution Efforts | Counselor |
| TAB D | Background Information | Counselee |