UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **PARTHENIA RICHARDSON** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) Civil Action No. 06-00517 (ESH) | |
| v. | ) | |
| | ) | |
| **CARLOS M. GUTIERREZ,** | ) | |
| **SECRETARY** | ) | |
| **U.S. DEPARTMENT OF COMMERCE** | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT LOCAL RULE 16.3 REPORT

The parties provide this Report to the Court, in accordance with Local Rule 16.3(d).

Plaintiff

Plaintiff Parthenia Richardson brings this action for damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"). Specifically, the Department of Commerce (hereafter "DOC" or "the Agency") retaliated against Ms. Richardson by reassigning her and treating her differently than other similarly situated managers when she engaged in activities protected by Title VII.

Defendant

Plaintiff, formerly a Security Specialist (GS-14) at the Department of Homeland Security, applied for the position of Assistant Director for Counterespionage (GS-15 equivalent) and was interviewed by David Bell and Robert Page. Plaintiff was selected for the position based upon Mr. Bell's recommendation to Mr. Yamamoto. It later became clear to management that there

were major problems in the Counterespionage Division and Mr. Yamamoto and Mr. Bell received complaints about the Plaintiff's performance. Morale was low in the Division and management officials expressed concern with plaintiff's apparent inability to manage the Division due partly to the fact that no other assistant directors received such complaints or experienced similar problems. Plaintiff was counseled regarding problems with her management of the Counterespionage Division and she was detailed to the position of Special Projects Officer. Plaintiff was detailed due to her inability to manage the Counterespionage Division, not because of her race.

In addition, pursuant to Local Rule 16.3(d), the parties state the following:

1.  <u>Dispositive Motions</u>: Plaintiff does not believe that the case can be decided by dispositive motion. Defendant filed a Motion for Summary Judgment that was granted, in part, and denied, in part, by the Court. Plaintiff does not believe that further filing of dispositive motions by Defendant will resolve this matter.

Defendant anticipates filing a motion for summary judgment at the conclusion of discovery which will further narrow the issues for trial.

2.  <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: The parties do not anticipate that any additional parties will be joined. Plaintiff does not anticipate that the pleadings will be amended or that the issues in the case can be further narrowed prior to discovery or trial.

3.  <u>Magistrate</u>: The parties do not consent to referral of the case to a Magistrate Judge for trial. The plaintiff proposes that discovery matters and settlement discussions be referred to a Magistrate Judge at the Court's discretion. Defendant is amenable to referral for mediation to Magistrate Judge Kay or the court's mediation program, if necessary, after final

dispositive motions are resolved.

4. <u>Possibility of Settlement</u>:  Plaintiff believes that the case can be amicably resolved and requests that the case be referred to ADR prior to engaging in discovery.  Defendant is willing to engage in informal settlement discussions with the plaintiff at any time and is desirous of achieving an amicable resolution.

5. <u>ADR</u>:  The Plaintiff believes that ADR may be appropriate and requests that the case be referred to ADR prior to engaging in discovery.  Defendant is amenable to referral for mediation to Magistrate Judge Kay or the court's mediation program, if necessary, after final dispositive motions are resolved.

6. <u>Motions</u>:  Plaintiff does not believe that the case can be decided by dispositive motion.  Defendant filed a Motion for Summary Judgment that was granted, in part, and denied, in part.  Plaintiff does not believe that further filing of dispositive motions by Defendant will resolve this matter.

Defendant anticipates filing a motion for summary judgment at the conclusion of discovery which will further narrow the issues for trial.  The parties propose that any motion for summary judgment shall be filed within forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and that thirty (30) days shall be allowed for any Reply.

7. <u>Initial Disclosures</u>: The parties stipulate to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).

8. <u>Discovery</u>:  The parties request that 180 days be granted for discovery.  The parties propose that each party should be limited to ten (10) depositions, thirty (30) interrogatories, thirty (30) requests for production, and thirty (30) requests for admission

although it is understood that one or both parties may seek leave from the Court to increase this limit at a future time.

    9.    Experts: The Plaintiff does not anticipate that she will be relying on expert witnesses. Nonetheless, Plaintiff reserves the right to provide expert designations and reports to be served within one hundred (100) days after the beginning of discovery, and that any rebuttal expert reports be served forty-five (45) days after Plaintiff's report.

    10.    Class Action: N/A

    11.    Bifurcation: At this time, the parties do not believe that bifurcation of trial or discovery is appropriate.

    12.    Pretrial Conference: The Parties propose that the date for the pretrial conference be set within 60 days after the Court's decision on any dispositive motions that may be filed, or at the Court's convenience.

    13.    Trial Date: The parties propose that the trial date be set at the final Pretrial conference, or at the Court's convenience.

    14.    Other Matters: N/A.

Dated: March 21, 2007

Respectfully submitted,

_____/s/_____       _____/s/_____
Camilla C. McKinney, Esq.      Jeffrey A. Taylor, D.C. BAR # 451058
Law Offices of Camilla C. McKinney PLLC      United States Attorney
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934/(202) 517-9111 (fax)
Attorney for Plaintiff Parthenia Richardson

_____/s/_____
Charlotte A. Abel, D.C. BAR # 388582
 Assistant United States Attorney
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2332
Attorney for the Department of Commerce

Case 1:06-cv-00517-AK   Document 19   Filed 03/21/2007   Page 5 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PARTHENIA RICHARDSON** )<br>)<br>)<br>Plaintiff, )<br>) Civil Action No. 06-00517 (ESH)<br>v. )<br>)<br>**CARLOS M. GUTIERREZ,** )<br>**SECRETARY** )<br>**U.S. DEPARTMENT OF COMMERCE** )<br>)<br>Defendant. )<br>) | |

**ORDER**

Upon consideration of the parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby ORDERED that:

1. Discovery shall commence as of the date of this Order and shall conclude in 180 days.

2. This case shall or shall not be referred to a magistrate judge for discovery.

3. The parties shall dispense with the requirement for the exchange of initial disclosures.

4. The parties reserve the right to provide expert designations and reports within 100 days of discovery. The parties shall provide rebuttal expert designations within 45 days thereafter.

5. The parties shall be limited to 10 depositions and 30 interrogatories per side, although one or both parties may seek leave from the Court to increase this limit at a future time.

6. The parties shall file dispositive motions within forty-five (45) days after the close of liability discovery, any Oppositions shall be filed forty-five (45) days thereafter; and any Replies filed thirty (30) days thereafter.

It is so ORDERED this _____ day of _____, 2007.

_____
United States District Judge