# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARTHENIA RICHARDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS M. GUTIERREZ, )<br>Secretary, U.S. Department of Commerce, )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 06-00517 (ESH) |

## ANSWER TO
## FIRST AMENDED COMPLAINT

Defendant, Carlos Gutierrez, in his capacity as Secretary, United States Department of Commerce ("Defendant" or "Agency"), respectfully submits this answer to Plaintiff's First Amended Complaint and states:

### FIRST DEFENSE

Plaintiff claims that she contacted the Equal Employment Opportunity ("EEO") Office to report the Agency's disparate treatment, on or about June 20, 2005; and that on that same day, Bernadette M. Worthy, an EEO Officer, contacted Mr. Yamamoto (former Agency Director of the Office of Security), to inform him that Plaintiff had contacted the EEO Office to lodge a discrimination First Amended Complaint and request ADR. First Amended Complaint ¶4. The Agency had already determined in early June – before June 20, 2005 – that Plaintiff would be detailed to another position in the Office of Security. Accordingly, Plaintiff cannot demonstrate that the Agency's decision to detail her, which

predates the day on which Plaintiff contacted the EEO Office, constitutes retaliation. Therefore, Plaintiff's retaliation claim must be dismissed.

## SECOND DEFENSE

The First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD DEFENSE

The employment decisions about which Plaintiff complains were based on legitimate, business related reasons and not discriminatory animus.

## FOURTH DEFENSE

Defendant responds to the like numbered paragraphs in Plaintiff's First Amended Complaint as follows:

1. Paragraph 1 of the First Amended Complaint calls for legal conclusions. To the extent it contains any factual allegations, they are denied.

2. Paragraph 2 of the First Amended Complaint calls for legal conclusions. To the extent an answer is deemed to be required, Defendant does not contest the Court's jurisdiction.

3. Paragraph 3 of the First Amended Complaint calls for legal conclusions. To the extent an answer is deemed to be required, Defendant does not contest venue.

4. Defendant admits that Plaintiff was the Assistant Director for Counter Espionage at the Office of Security, Department of Commerce.  Defendant admits that Plaintiff contacted the Agency's EEO Office on or about June 20, 2005, and that Mr. Yamamoto was contacted on the same day by Bernadette Worthy, an EEO Officer, to inform him that Plaintiff had contacted the EEO Office to address alleged concerns about

2

discrimination. Defendant denies the remaining allegations contained in paragraph 4 of the First Amended Complaint.

    5.    Defendant admits that Carlos M. Gutierrez is the Secretary for the Agency. The second sentence of Paragraph 5 calls for legal conclusions. To the extent an answer is deemed to be required in response to the second sentence of Paragraph 5, the Agency does not contest that Secretary Gutierrez is being sued in his official capacity. Defendant admits that the Agency employs well over 500 employees.

    6.    The first sentence of Paragraph 6 calls for legal conclusions. To the extent an answer is deemed to be required in response to the first sentence of Paragraph 6, the Agency does not contest that Richard Yamamoto is not a defendant in this lawsuit, but has been named as an alleged discriminatory official. Defendant denies that the Agency's personnel records indicate that Mr. Yamamoto was the first line supervisor of record for Plaintiff at all times referenced in the First Amended Complaint. Defendant denies the allegations contained in the last sentence of paragraph 6 of the First Amended Complaint.

    7.    The first sentence of Paragraph 7 calls for legal conclusions. To the extent an answer is deemed to be required in response to the first sentence of Paragraph 7, the Agency does not contest that David Bell is not a defendant in this lawsuit, but has been named as an alleged discriminatory official. Defendant admits that Mr. Bell served as the Assistant Director of the Anti-Terrorism Division and the Acting Deputy Director of Security at times referenced in the First Amended Complaint. Defendant denies the allegations contained in the last sentence of paragraph 7 of the First Amended Complaint.

    8.    Defendant restates its responses to paragraphs 1-7 of the First Amended Complaint and incorporates them herein by reference.

  9.  Admitted.

  10.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the First Amended Complaint.

  11.  Admitted.

  12.  Defendant admits that one of Plaintiff's first actions as the new Assistant Director of Counter Espionage was forming a panel to interview candidates for an open Security Specialist position. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 12 of the First Amended Complaint.

  13.  Denied.

  14.  Denied.

  15.  Denied.

  16.  Denied.

  17.  Denied.

  18.  Denied.

  19.  Defendant admits that on or about June 20, 2005, Plaintiff contacted the Agency's EEO Office and that Mr. Yamamoto was contacted on the same day by Bernadette Worthy, an EEO Officer, to inform him that Plaintiff had contacted the EEO Office to address alleged concerns about discrimination.

  20.  Admitted.

  21.  Admitted.

  22.  Defendant admits that on or about July 11, 2005, the Agency informed Plaintiff that she was being detailed to another position for one hundred twenty (120)

days, and that Mr. DeSeve assumed responsibility temporarily. Defendant denies the remaining allegations contained in paragraph 22 of the First Amended Complaint.

23. Defendant admits that Plaintiff was given a mid-cycle review, which was not good. Defendant denies that said evaluation was issued in retaliation for Plaintiff's exercising her civil rights or that it cited performance issues that were inaccurate.

24. Denied.

25. Denied.

26. Denied.

27. Defendant submits that paragraph 27 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant admits that Plaintiff submitted a request for medical leave in late June 2005.

28. Defendant submits that paragraph 28 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant admits that on or about July 19, 2005, Mr. Bell emailed Ms. Richardson stating: "Parthenia, I hope your surgery was a success today. Please call me when you are feeling better about the Kyltie file." Defendant denies the remaining allegations contained in paragraph 28 of the First Amended Complaint.

29. Defendant submits that paragraph 29 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant admits that on or about July 21, 2005, Mr. Bell emailed Plaintiff stating:

> Parthenia, I would like to review the [Declass] plan when you return on 7/28. We can meet briefly each day to review the progress of the bureaus and I also want you to see Rich with a weekly progress update.
>
> I also anticipate this to be a key portion of my Quarterly Security Council meetings until Dec 06, so be thinking of how to improve what we did last time and depict the progress (or lack thereof) by the bureaus. We have used the green/amber/red color code in other OSY briefings, and I recommend working that in. We can discuss when you return.
>
> Hope you are having a good recovery.

Defendant denies the remaining allegations contained in paragraph 29 of the First Amended Complaint.

30.  Defendant submits that paragraph 30 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant submits that paragraph 30 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first three sentences of paragraph 30 of the First Amended Complaint. Defendant denies the allegations contained in the last sentence of paragraph 30 of the First Amended Complaint, but admits that it agreed to extend Plaintiff's sick leave through August 5, 2005,

31.  Defendant submits that paragraph 31 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant admits that on or about August 1, 2005, that Mr. Bell emailed Plaintiff as follows:

6

> Parthenia, I hope your recovery is progressing on schedule. Since your sick leave was extended through 8/5, I just wanted to ensure we are on the same page regarding requirements for this program.
>
> Rich informed Bill Leonard from ISOO that you are our OSY/DOC lead for this project and you will manage the milestones that will ensure we meet the stated requirements by Dec 06 - - this requires a review of 63 boxes per month.
>
> I am on leave from 8/2-8/12, and Bob Page will serve as Acting Dep Dir. Please provide him your Action Plan on 8/8/05 and how you will be prompting the Bureaus to complete a review of 63 boxes each month and give him the daily updates while I am on leave next week. As you know, SES and GS-14/15 equivalents make up most of the declass trained personnel, and you will be the OS representative directly responsible for the review of OS records. We will need for you to get this training as soon as you return.
>
> I made an appointment for you on 8/12 at 10:00am to provide Rich your first weekly update on how many boxes have actually been reviewed. Pls see me the morning of 8/15 to get me caught up on your progress.
>
> Again, hope you are feeling better.

Defendant denies the remaining allegations contained in paragraph 31 of the First Amended Complaint.

32. Defendant submits that paragraph 32 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant admits the allegations contained in paragraph 32 of the First Amended Complaint.

33. Defendant submits that paragraph 33 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant denies the allegations contained in paragraph 33 of the First Amended Complaint.

34. Defendant submits that paragraph 34 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the First Amended Complaint.

35. Defendant submits that paragraph 35 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required to paragraph 35 of the First Amended Complaint, Defendant admits that it received a letter from Plaintiff's physician saying that Plaintiff needed time off to recover from surgery.

36. Defendant submits that paragraph 36 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required to paragraph 36 of the First Amended Complaint, Defendant denies the allegations contained in paragraph 36 of the First Amended Complaint.

37. Defendant submits that paragraph 37 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required to paragraph 37 of the First Amended Complaint, Defendant admits that none of Plaintiff's medical leave was designated as approved FMLA leave time.

38. Admitted.

39. Defendant admits that sometime in mid-August 2005, Plaintiff requested accommodation for stress. Defendant denies the remaining allegations contained in paragraph 39 of the First Amended Complaint.

40. Denied.

41. Denied.

42. Defendant admits that Plaintiff advised Mr. Bell that her resignation would be effective on or about September 8, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the First Amended Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant restates its responses to paragraphs 1-48 of the First Amended Complaint and incorporates them herein by reference. Defendant denies the allegations contained in paragraph 49 of the First Amended Complaint.

50. Defendant submits that paragraph 50 relates solely to count II of the First Amended Complaint, under the Family and Medical Leave Act of 1993 ("FMLA"), and said count has been dismissed. To the extent an answer is deemed to be required to paragraph 50 of the First Amended Complaint, Defendant denies the allegations contained therein.

A. To the extent paragraph A constitutes a prayer for relief, no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to a judgment in its favor against Defendant on all counts.

B. To the extent paragraph B constitutes a prayer for relief, no response is required. To the extent a response is deemed to be required, Defendant denies that the alleged conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended, and/or the Family and Medical Leave Act of 1993.

C. To the extent paragraph C constitutes a prayer for relief, no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to reinstatement in a GS-15 position commensurate with her experience, and with full benefits and other entitlements.

D. To the extent paragraph D constitutes a prayer for relief, no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to full back pay and front pay, including salary, benefits, and other entitlements retroactive to the date of any unlawful action found to have occurred in this case.

E. To the extent paragraph E constitutes a prayer for relief, no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to compensatory damages for alleged injuries and losses;

F. To the extent paragraph F constitutes a prayer for relief, no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to recover reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's alleged actions an inactions, as well as pre-judgment and post-judgment interest.

G. To the extent paragraph G constitutes a prayer for relief, no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to other equitable relief and legal relief.

Defendant hereby specifically denies all of the allegations of the First Amended Complaint not specifically admitted herein.

Defendant reserves the right to amend his Answer should facts learned in discovery so warrant. Defendant also reserves the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment in his favor, dismiss the First Amended Complaint with prejudice, and grant him such other relief as may be proper.

Respectfully submitted,

/s/
JEFFERY A. TAYLOR
D.C. Bar No. 498610
United States Attorney

/s/
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

/s/
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

Of Counsel:
ALLISON J. BOYLE
Agency Representative
U.S. Department of Commerce
Office of the General Counsel
Employment & Labor Law Division
14th and Constitution, N.W.
Washington, D.C. 20230