UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARTHENIA RICHARDSON,    )<br>                                                       )<br>              Plaintiff,                       )<br>                                                       )<br>      v.                                            )<br>                                                       )<br>CARLOS M. GUTIERREZ,           )<br>Secretary, U.S. Department of Commerce,    )<br>                                                       )<br>                                                       )<br>              Defendant.                     )<br>                                                       ) | Civil Action No. 06-00517 (ESH) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant, Carlos Gutierrez, in his capacity as Secretary, United States Department of Commerce ("Defendant" or "Agency"), respectfully submits this opposition to plaintiff's motion to compel discovery.

This is an employment discrimination lawsuit brought against the Department of Commerce by Parthenia Richardson. Ms. Richardson worked for the Department of Commerce as Assistant Director for Counter Espionage at the Office. She resigned in September 2005. The lawsuit was initiated by counsel on Ms. Richardson's behalf but counsel withdrew on September 10, 2007, shortly before the close of discovery. Discovery closed on September 24, 2007, pursuant to the initial scheduling order. [Dk. # 20.] Ms. Richardson is *pro se* except that the Court appointed counsel for the limited purpose of mediation. A status conference is set for February 1, 2008.

On September 10, 2007, the parties entered into settlement negotiations. On November 7, 2007, in order to facilitate settlement discussions, the Court appointed counsel to plaintiff for the limited purpose of mediation. A formal mediation session was held on December 19, 2007. Although there is no additional session currently scheduled, the parties are still discussing the prospect of settlement at the behest of Magistrate Judge Facciola. Defendant believes that another formal conference may be imminent.

The Court's initial scheduling order makes clear that discovery was to be completed and discovery disputes resolved no later than September 24, 2007. The issue of discovery was raised in open court during two interim status conferences, on September 10, 2007 and November 7, 2007. Defendant proposed, and understood, that any further discussions regarding either parties' desire for or entitlement to discovery would be postponed pending the outcome of settlement negotiations. This is why defendant did not respond to plaintiff's discovery requests by moving for a protective order. Defendant requests that the Court deny plaintiff's motion at this juncture and take up the issue of discovery, if necessary, at the conclusion of settlement negotiations.

Plaintiff first requested discovery from defendant in a letter dated August 24, 2007, before her counsel withdrew from the case and shortly before discovery closed. Defendant was not obligated to respond to these discovery requests from the plaintiff since she was still represented by counsel. In addition, plaintiff did not serve defendant with her discovery requests until August 27, 2007. Plaintiff's certificate of service indicates that she served the requests on August 25, 2007 (but they were clearly postmarked on August 27, 2007). Defendant received the discovery requests on August 30, 2007, and would have been entitled to thirty-three days following service to respond. Plaintiff's discovery requests were untimely and did not allow enough time under the

rules of civil procedure for the defendant to respond by the close of discovery on September 24. *See Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. (D.D.C. 2004), *citing Toone v. Fed. Express Corp.*, 1997 WL 446257 (D.D.C. July 30, 1997 No. Civ. A. 96-2450 (RCL)(discovery requests untimely because response due two days after close of discovery). In this case, Plaintiff did not seek an extension of the discovery period or seek to shorten defendant's time to respond.

In addition, plaintiff's discovery requests are over broad and beyond the scope of permissible discovery. Fed. R. Civ. P. 34. She requests that the agency produce "all agency documentation to include sworn declarations from Mr. Willie 'Jay' Jamison, Employee and Labor Relations Specialist, Mr. John Guenther, Employment Attorney, and Mr. Brian DiGiacomo, Chief Employment & Labor Law Division, "that reflects " a meeting at which Plaintiff expressed concerns about discrimination, among other things. These sworn declarations do not currently exist. In other words, her request is for the Agency to create the documents as she prescribes. In addition, at least two of the participants identified by plaintiff in her request, Guenthur & DiGiacomo, are lawyers for the Department of Commerce. Thus, plaintiff's request potentially touches on the issue of privilege since their knowledge, or the knowledge they may have imparted to other employees, may be protected by the attorney-client privilege.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that this Honorable Court deny plaintiff's motion to compel.

                                                        Respectfully submitted,

                                                        /s/  
                                                      JEFFREY A. TAYLOR  
                                                      D.C. Bar No. 498610  
                                                      United States Attorney

                                                        /s/  
                                                      RUDOLPH CONTRERAS  
                                                      D.C. Bar No. 434122  
                                                      Assistant United States Attorney

                                                        /s/  
                                                      CHARLOTTE A. ABEL  
                                                      D.C. Bar No. 388582  
                                                      Assistant United States Attorney  
                                                      555 Fourth St., N.W.  
                                                      Washington, D.C. 20530  
                                                      (202) 307-2332

                                   CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing opposition was mailed, postage prepaid, on this 3rd day of January 2008, to:

Parthenia Richardson  
12604 Windbrook Drive  
Clinton, MD 20735

                                                      Charlotte A. Abel  
                                                      Assistant United States Attorney